JOHNSON, Judge.
Appellant, who was the plaintiff below, filed its amended complaint seeking to establish a Mechanics’ Lien against property owned by appellee Chastain Groves, Inc. and to recover a money judgment in accordance with F.S. 84.281, F.S.A. To this complaint appellee filed motion to dismiss and motion to strike certain portions of the complaint. A hearing was had and subsequent thereto, an Order issued which directed that the cause be transferred to the law side of the court as a suit on a contract since the amended complaint did not allege compliance with F.S. 84.061(3) (d) or F.S. 84.081, F.S.A. and counsel did not wish to amend to allege compliance with those statutory provisions. That Order also denied the motion to dismiss and the motion to strike. It is from said Order that appellant has taken this interlocutory appeal.
F.S. 84.061(3) (d), F.S.A. provides:
“(d) When the final payment under a direct contract becomes due the contractor :
“1. The contractor shall give to the owner an affidavit stating, if that be the fact, that all lienors have been paid in full or, if the fact be otherwise, showing the name of each lienor who has not been paid in full and the amount due or to become due each for labor, services or materials furnished. The contractor shall have no lien or right of action against the owner for labor, services or materials furnished under the direct contract while in default by reason of not giving the owner such affidavit. The contractor shall execute said affidavit and deliver it to the owner at least five days before instituting suit as a prerequisite to the institution of any suit to enforce his lien under this chapter.” (Emphasis added).
The appellant, who contracted to build a building for the appellee owner, admits that it has not provided the appellee with the affidavit called for in the above cited statute. Nevertheless, appellant argues that the parties here entered into a cost plus contract and that appellee owner has the primary obligation to see that any subcontractor is paid. This argument is without authority and in any event is not applicable to the case at bar as the contract the parties entered into expressly provides that:
“* * * Chastain Groves, Inc. shall pay to Halifax Construction Company for the construction of said building the total of the following sums:
(a) All costs incurred by the Halifax Construction Company in the construction of said building, including but not limited to the costs of labor, materials, subcontractors’ charges * * * ” (Emphasis added).
Appellant having failed to comply with the aforementioned statute is not entitled to have the lien which he sought in his amended complaint and the chancellor committed no error in his ruling thereon. This Court held in Brown v. *17 First Federal Savings & Loan Assoc. of New Smyrna, 160 So.2d 556 (1964) that the affidavit of the contractor required under the Mechanics’ Lien Law is a condition precedent to the right to maintain an action to foreclose the lien. Without such affidavit being furnished the owner by the contractor a complaint seeking foreclosure of a mechanic’s lien is subject to dismissal.[1]
Additionally, appellant claims that since it had a contract direct with the owner compliance with F.S. 84.081, F.S.A. is not a prerequisite for maintaining an action upon a mechanic’s lien. That section states that every lienor, including persons in privity, must record his claim of lien in order to perfect his lien under the Mechanics’ Lien Law. Although neither party mentions F.S. 84.051, F.S.A. in their briefs, that section which was amended by the Legislature in 1955 definitely establishes that a contractor can not acquire a mechanic’s lien until he has recorded his claim of lien. Here, appellant did not record a claim of lien and therefore, was not entitled to the lien which it sought in its amended complaint.
A final point raised by appellant is that it was entitled to a money judgment under F.S. 84.281, F.S.A. even though it failed to establish a lien under F.S. chapter 84, F.S.A. That section of the statute provides for the entry of a money judgment if the lienor fails to establish a lien for the full amount which is found to be due him. It is apparent that such provision is applicable only when a lienor is successful in establishing a lien, the lien being for less than the total sum found to be due him. When, as is the situation in the case at bar, the lienor has been wholly unsuccessful in establishing a lien then he has no statutory right to the entry of a money judgment under § 84.281. When equity jurisdiction has been properly invoked a court of equity may go on and grant additional relief, though legal in character, which will dispose of all the issues raised by the pleadings. When, however, equitable relief is not available, resort must be had to a court of law or the proper forum designated by a particular statute. Coleman v. Davis, 106 So.2d 81 (Fla.App.1st, 1958).
By cross-assignment of error the appellee contends that the chancellor erred in not dismissing the complaint but ordering a transfer of the cause to the law side of the court. The basis of such contention being F.S. 84.061(3) (d), F.S.A. wherein it is said that a contractor who has failed to provide the owner with the affidavit showing whether payment has been made to all lienors can have no lien or right of action against the owner. It is clear from F.S. 84.301, F.S.A. that the provisions of the Mechanics’ Lien Law do not act as a ibar to a lienor from maintaining an action at law on the contract.
Appellee has further cross-assigned error relative to the failure of the chancellor to strike certain portions of the amended complaint seeking to recover attorney’s fees. Appellant agrees that if the case proceeds at law then that portion should be stricken from the complaint. Failure to provide for such in the order appealed was at most harmless error.
Based upon the above facts and law we find that the Chancellor was correct in not allowing appellant to proceed under the Mechanics’ Lien Law, therefore this interlocutory appeal is hereby dismissed.
RAWLS, Chief Judge, and SACK, J., concur.

. Babe’s Plumbing, Inc. v. Emil P. Maier, et ux., Fla.App.2d, October 26, 1966, not yet reported.