319 So.2d 194 (1975)
SORENSEN/FLETCHER Construction Company, Appellant,
v.
Phillip GRASSO and Barbara Grasso, Appellees.
No. 74-540.
District Court of Appeal of Florida, Fourth District.
September 12, 1975.
Rehearing Denied October 21, 1975.
Irby G. Pugh of Fernandez & Scarito, Orlando, for appellant.
H. Russell Troutman and Gary W. Udouj of Law Offices Troutman & Parrish, P.A., Winter Park, for appellees.
OWEN, Judge.
Appellant suffered final summary judgment in its suit for damages for breach of contract and unjust enrichment, the trial court finding that a prior action between the same parties was res judicata. We reverse.
In a prior action between the same parties, appellant had sought to foreclose its claim for a mechanic's lien on appellees' property. Upon trial of the foreclosure *195 suit, the plaintiff's evidence established that it had failed to furnish to defendant-owners the contractor's affidavit required under Fla. Stat. § 713.06(3)(d)(1) (1971), as a consequence of which the court dismissed the complaint with prejudice. The plaintiff's motion for rehearing and motion for leave to amend the pleadings to state a cause of action at law were unavailing.
Thereafter, plaintifff filed the instant case seeking damages on the theories of breach of contract and unjust enrichment, but based upon the same alleged improvements to defendants' property that had been the basis of the unsuccessful suit to foreclose a mechanic's lien. Upon proof of this fact the court held that the defendants' affirmative defense of res judicata was shown as a matter of law and entered summary judgment in their favor.
The order of dismissal in the mechanic's lien foreclosure suit was not a determination on the merits of the plaintiff's monetary claims against the defendants, although it did determine with finality that the plaintiff was not entitled to a lien against the defendants' property. Oper v. Russell, Inc., 197 So.2d 13 (3rd DCA Fla. 1967); Halifax Construction Company v. Chastain Groves, Inc., 192 So.2d 15 (1st DCA Fla. 1966); Stilley v. Post, 148 So.2d 569 (1st DCA Fla. 1963). Consequently, the lien foreclosure suit, having been dismissed without a determination on the merits of the monetary claims asserted in the instant suit, would not support appellees' affirmative defense of res judicata. Accord, Kent v. Sutker, 40 So.2d 145 (Fla. 1949).
The summary judgment is reversed and this cause remanded for further proceedings.
Reversed and remanded.
WALDEN, C.J., and YAWN, THERON, Associate Judge, concur.