369 So.2d 695 (1978)
Charles Thomas BASHLOR, Petitioner,
v.
Louie L. WAINWRIGHT, Secretary, Department of Offender Rehabilitation, Respondent.
No. HH-409.
District Court of Appeal, of Florida, First District.
August 10, 1978.
*696 Samuel S. Jacobson of Datz, Jacobson & Lembcke, Jacksonville, for petitioner.
Robert L. Shevin, Atty. Gen. and Wallace E. Allbritton, Asst. Atty. Gen., Tallahassee, for respondent.

ON PETITION FOR REHEARING
SMITH, Judge.
In 1951, when he was sixteen years old, Charles Bashlor was convicted of murder in the first degree and was sentenced to life imprisonment by the Circuit Court of Duval County. Bashlor did not appeal. He remains in prison today. His petition for writ of habeas corpus alleges that he lost his right to ordinary appellate review because the trial judge improperly denied or ignored his request for appointed counsel to take an appeal. Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963).
Bashlor was represented at trial by two volunteer lawyers. Bashlor alleges that after his conviction he advised his attorneys that he wished to appeal, but they replied that they could do nothing more for him. Bashlor alleges he then wrote the trial judge that he wished to appeal and requested that counsel be appointed. The judge replied that he should get in touch with his trial counsel. Bashlor alleges he then wrote back to the judge, informing him that trial counsel had refused to take an appeal, but the judge did not reply. Bashlor's conviction has never been reviewed. He requests that we grant full appellate review now, 27 years after his conviction, to remedy the trial judge's error. Hollingshead v. Wainwright, *697 194 So.2d 577 (Fla. 1967); cert. denied, 391 U.S. 968, 88 S.Ct. 2040, 20 L.Ed.2d 882 (1968); Baggett v. Wainwright, 229 So.2d 239 (Fla. 1970).
By an unpublished order we initially denied Bashlor's petition without prejudice to a further application to the trial court, pursuant to Fla.R.Crim.P. 3.850. Bashlor's petition for rehearing rightly suggested that no remedy is available in the trial court because the remedy sought is a counsel-assisted appeal from the judgment of conviction. Baggett v. Wainwright, 229 So.2d 239, 243 (Fla. 1970). We have reconsidered the petition on the merits, after receiving briefs and extensive oral argument.
The state does not address Bashlor's factual allegations, but says that the present petition is barred by the doctrine of res judicata because, in 1966, the Supreme Court of Florida denied Bashlor's habeas corpus petition which complained of the denial of appellate counsel. Bashlor v. Wainwright, 189 So.2d 800 (Fla. 1966), cert. denied, 386 U.S. 1022, 87 S.Ct. 1378, 18 L.Ed.2d 461 (1967). Bashlor's 1966 petition to the Supreme Court, submitted without counsel, was the second of Bashlor's collateral attacks on the judgment. Earlier, and also without counsel, Bashlor petitioned the trial court to arrest and vacate the conviction on the ground that a confession was obtained and used in violation of his right to counsel. The trial court had denied that petition, and this court affirmed, without opinion. Bashlor v. State, 177 So.2d 80 (Fla. 1st DCA 1965). Bashlor's 1966 petition to the Supreme Court, raising for the first time an asserted right to a counsel-assisted appeal, was denied in a brief per curiam opinion which stated that Bashlor was "not entitled to release from custody." Bashlor, 189 So.2d at 801.
In order to determine what questions were raised before and decided by the Supreme Court of Florida in 1966 and by the United States Supreme Court, when denying certiorari in 1967, we have examined the records of those cases which counsel have submitted. We find that the state urged to the Supreme Court of Florida that habeas corpus should be denied because Bashlor had not raised the issue of appeal remedies in the trial court by a Rule 1 (now Fla.R.Civ.P. 3.850) motion.[1] In response to Bashlor's petition for certiorari in the Supreme Court of the United States, filed with the assistance of Bashlor's present counsel, the state argued that the Florida Supreme Court's decision rested on purely procedural grounds. In contrast, the state now urges that the discharge of Bashlor's 1966 petition was a disposition on the merits which we must respect as final.
Res judicata is a judicial policy intended to make an end to litigation and to give dignity and respect to judicial proceedings. Eastern Shore Sales Co. v. City of North Miami Beach, 363 So.2d 321, at 324 (Fla. 1978). A final decision, even though erroneous, will not be disturbed. Id., at 323. However, a judgment entered on grounds not involving the merits is not a basis for barring later consideration of the merits. Kent v. Sutker, 40 So.2d 145 (Fla. 1949); Cabinet Craft, Inc. v. A.G. Spanos Enterprises, Inc., 348 So.2d 920 (Fla. 2d DCA 1977); Sorensen/Fletcher Construction Co. v. Grasso, 319 So.2d 194 (Fla. 4th DCA 1975), cert. dismissed, 324 So.2d 90 (Fla. 1975).
The language of the Supreme Court's 1966 decision on Bashlor's claim, the separate opinions of the concurring justices, and the subsequent decisions of the Court all indicate that the Court denied Bashlor's 1966 petition without deciding the merits of his claim to a right of appointed counsel on appeal. Res judicata, therefore, is no bar. The concurring opinions express disagreement over the impact of the United States Supreme Court's 1963 decision in Douglas v. California. Justice Drew, with Justice O'Connell concurring, believed that Douglas required the state to provide counsel to indigent defendants for an appeal. 189 So.2d at 801. Justice Ervin agreed, but *698 doubted that Douglas was intended to be applied retroactively. Id. at 803. Justice Barns was of the opinion that Douglas did not apply where defendant's counsel had made a considered decision that an appeal should not be taken. Id. at 807. Despite these differences, all seven justices concurred in the judgment that Bashlor was "not entitled to release from custody." Id. at 801, 810.
Only after Bashlor's 1966 petition was discharged did the right to appointed counsel on appeal take shape in Florida law. Six months after the denial of Bashlor's 1966 petition, the Supreme Court of Florida provided for belated appellate review through a writ of habeas corpus "when orderly appellate remedy has been rendered unavailable and an appeal within the period and in accordance with the procedure provided by law for appeals has not been afforded." Hollingshead, 194 So.2d at 578. Still later the Court specified that full appellate review must be afforded where the criminal defendant makes known to the trial judge "his indigency and his desire to appeal" and where "the facts show a deprivation through state action of the rights guaranteed to said defendant." Baggett, 229 So.2d at 241. Bashlor's present allegations make a prima facie case that he was denied his right to appointed counsel for appeal, as required by Douglas as interpreted by Baggett. Bashlor alleges that he twice informed the trial judge that he wished to have appointed counsel to assist him in taking an appeal, and that counsel was not appointed due to the inaction of the trial judge. An evidentiary hearing is required to determine the truth of Bashlor's allegations.
We recognize that the passage of 27 years, and the intervening deaths of the trial judge and Bashlor's trial counsel, may present serious problems of discerning the truth of Bashlor's allegations. Yet, in the peculiar circumstances of this case, that interval should not of itself bar Bashlor's claim for relief. This case is unlike Remp v. State, 248 So.2d 677 (Fla. 1st DCA 1970), in which a prisoner waited until 1970, 13 years after his conviction, before claiming for the first time that his court-appointed lawyer had failed to perfect an appeal. Bashlor allegedly raised this issue before the trial court in 1951 and, irrefutably, he raised it before the Supreme Court in 1966. If Bashlor's claims were untimely, it is because they were raised too soon, not too late.
If Bashlor's allegations are founded in fact, we must review the record of his conviction. We commission the Honorable Everett Richardson, Circuit Judge of the Fourth Judicial Circuit, to take testimony as necessary to determine if there is a factual basis for Bashlor's allegations. His findings will be reported to us in due course. Baggett, 229 So.2d at 244.
MILLS, Acting C.J., and ERVIN, J., concur.
NOTES
[1] The Supreme Court held, four years later, that a Rule 3.850 motion is not a predicate to a petition in the district court of appeal for belated appellate review. Baggett, 229 So.2d at 243.