374 So.2d 546 (1979)
Charles Thomas BASHLOR, Petitioner,
v.
Louie L. WAINWRIGHT, Secretary, Department of Offender Rehabilitation, Respondent.
No. HH-409.
District Court of Appeal of Florida, First District.
July 12, 1979.
Samuel S. Jacobson of Datz, Jacobson & Lembcke, Jacksonville, for petitioner.
Robert L. Shevin, Atty. Gen., and Wallace E. Allbritton, Asst. Atty. Gen., Tallahassee, for respondent.
*547 ROBERT P. SMITH, Jr., Judge.
The question of Bashlor's entitlement to a delayed first appeal, with assistance of counsel, recurs on the commissioner's report after an evidentiary hearing. Bashlor v. Wainwright, 369 So.2d 695 (Fla. 1st DCA 1978). By that decision we held that Bashlor, an indigent now imprisoned 28 years on a life sentence for first degree murder, found by a jury which recommended mercy and thus avoided a mandatory death sentence under 1951 law, was entitled to adduce evidence that he timely requested his volunteer trial attorneys to appeal, and on their refusal vainly requested appointment of appellate counsel by the trial judge, thus entitling him now to that remedy. Hollingshead v. Wainwright, 194 So.2d 577 (Fla. 1967), cert. denied, 391 U.S. 968, 88 S.Ct. 2040, 20 L.Ed.2d 882 (1968); Baggett v. Wainwright, 229 So.2d 239 (Fla. 1970).
Only two witnesses testified before the commissioner under interrogation by Bashlor's present volunteer lawyer and by counsel for the State: Bashlor himself and William A. Hallowes, the distinguished State Attorney who served the Fourth Circuit for many years and who prosecuted Bashlor at trial. The trial judge and Bashlor's two trial lawyers are now dead. Bashlor thus testified without contradiction that, as alleged in his petition for habeas corpus, Bashlor advised his attorneys that he wished to appeal, but they replied they could do nothing more for him; that Bashlor then wrote to the trial judge that he wished to appeal with the assistance of appointed counsel to which the judge replied that he should get in touch with his trial counsel; and that Bashlor wrote back to the judge saying that trial counsel had refused to appeal, to which the judge did not further reply. Bashlor, 369 So.2d at 696. The commissioner's report, appended in its entirety to this opinion, carefully marshals the evidence tending tangentially to corroborate or impeach Bashlor's testimony on the main issue, but it stops short of accepting or rejecting, as a matter of fact, Bashlor's sworn testimony:
Since Bashlor has been incarcerated or in a mental institution for twenty-seven (27) years, trying to judge his demeanor is beyond the capacity of the commissioner.
On this record it is established, by such evidence on the subject as is now available, that Bashlor desired to appeal from the judgment of conviction and life sentence and he made that desire known, vainly, to his volunteer trial counsel and to the trial judge. The more serious question is whether the lapse of time since 1951, and the consequent loss of evidence possibly contradicting Bashlor's testimony of events at that time, should be held to foreclose Bashlor now on principles of laches. Cf. Phillips v. Black, 367 F. Supp. 774 (E.D.Ky. 1973), aff'd 497 F.2d 924 (6th Cir.1974); Hudson v. Alabama, 361 F. Supp. 1102 (M.D. Ala. 1973), rev'd, 493 F.2d 171 (5th Cir.1974); Frost v. Montana, 249 F. Supp. 349 (D.Mont. 1966) (effect of delay in asserting defects in guilty pleas).
In the particular circumstances of this case, we decline to penalize Bashlor for delay in asserting his right to a first appeal with assistance of appointed counsel. Between 1951 and 1963, when Douglas v. California[1] was decided, any assertion by Bashlor of such a right would have been unavailing as a matter of law, and it is doubtful that his claim would have been permitted to proceed to the proof stage. Not until Baggett was decided in 1970 was the retroactivity of Douglas, establishing that right, recognized in Florida. In the meantime, Bashlor asserted to the Florida Supreme Court in 1966 that he was entitled to a counsel-assisted appeal, and that claim was rejected by the Court, not on the merits, but because Bashlor was "not entitled to release from custody"  a disposition consistent with principles of habeas corpus as understood at that time, before Hollingshead in 1967 made the writ available to secure delayed appeals. As we stated earlier, Bashlor's 1966 claim of right to appointed counsel was made "too soon" for recognition in Florida, "not too late." Bashlor, 369 So.2d *548 at 698. During the years since Bashlor's right of appeal became more clearly evident, Bashlor surely could have effectively made the claim he presented to us in 1978. But it would shroud the case in pettifog to fault Bashlor for his silence since 1966. Bashlor had then made his claim as effectively as possible, it was rejected, and understandably he remitted his claim and accepted the seeming inevitability of prison life. The state makes no assertion here that any disadvantage it suffers by the delay  any loss of witnesses concerning Bashlor's 1951 claim at age 16 of a counsel-assisted appeal, any loss of the trial record,[2] any loss of witnesses to the crime, should a retrial be ordered on appeal  has increased since 1966, correspondingly increasing Bashlor's burden of proof. We conclude, therefore, that Bashlor is now entitled to his first appeal, and with assistance of provided counsel. Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963); Baggett v. Wainwright, supra; see also Edge v. Wainwright, 347 F.2d 190 (5th Cir.1965), cert. denied, 385 U.S. 953, 87 S.Ct. 335, 17 L.Ed.2d 231 (1966); Norris v. Wainwright, 588 F.2d 130 (5th Cir.1979).
The petition for writ of habeas corpus is GRANTED and the appeal will proceed, as though filed today, in accordance with Hollingshead, Baggett, and the Florida Rules of Appellate Procedure. Bashlor requires no appointment of counsel because he is served by Samuel S. Jacobson, Esquire, without charge; but Bashlor may otherwise proceed as an indigent.
MILLS, C.J., and ERVIN, J., concur.

APPENDIX

 REPORT OF COMMISSIONER
 (filed February 16, 1979)
 Hearing was held before the undersigned acting as special
commissioner pursuant to appointment of the District Court of
Appeal, First District of Florida. At the hearing petitioner
Charles Thomas Bashlor was represented by his attorney before the
First District, Samuel S. Jacobson of Jacksonville. Respondent
Louie L. Wainwright was represented by Wallace E. Allbritton,
Office of the Attorney General, and by Ralph N. Greene, III of
the Office of the State Attorney for the Fourth Judicial Circuit.
Mr. Bashlor testified on his own behalf and was cross-examined.
Testimony was also received from former State Attorney William A.
Hallowes, who represented the State during the original trial
proceedings in 1951. The testimony and evidentiary exhibits and
court file have been considered and examined by the commissioner.
Specific findings regarding facts deemed to be particularly
salient are as follows:
 1. The trial judge A.D. McNeill is deceased.
 2. Both defense attorneys, Sam Wilson and Mabry Carlton, are
deceased.
 3. At the time of his 1951 trial Bashlor was sixteen (16) years
old. He had received limited formal education and no formal legal
training. He had no family in the Jacksonville area. He was
totally without assets or income.
 4. Bashlor was convicted of first degree murder with a
recommendation of mercy. After entry of judgment of conviction
and imposition of a sentence of life imprisonment, Bashlor
testified that he wanted to appeal and wrote A.D. McNeill, the
trial judge, to ask for an appeal. Judge McNeill wrote and
advised him to contact his lawyers. Bashlor then communicated by
mail with his attorneys, Mabry Carlton and Sam Wilson, and they
responded informing him of their intention not to take an appeal.
Mr. Bashlor's memory is hazy on this point;
*549 he does believe that reasons were given by his attorneys as to
why an appeal should not be undertaken. Bashlor in turn informed
the trial judge that his volunteer lawyers had declined to
represent him on appeal. The trial judge made no reply. After
this unsuccessful effort, Bashlor concluded there was nothing
more he could do about an appeal and discontinued active pursuit
of his appeal rights.
 5. Mr. William Hallowes testified that Judge McNeill had never
related to him any request of Mr. Bashlor for an appeal, and that
Judge McNeill, being a very cautious, conservative and technical
judge, in his opinion, would have appointed an attorney for Mr.
Bashlor's appeal of his conviction if he had been requested to do
so.
 6. Bashlor testified he was not advised at any time that he had
a right to appeal and that he would be provided appellate counsel
without cost if unable to afford a lawyer. He was never offered
counsel and was never offered assistance of any kind in
perfecting his appeal rights.
 7. After Bashlor's conviction Mr. William Hallowes testifed
that he had a casual, street-corner conversation with one of
Bashlor's volunteer lawyers during which Mr. Hallowes inquired
whether Bashlor's conviction would be appealed. At that time Mr.
Hallowes was advised that the volunteer lawyers felt they had
done well in providing trial representation; felt that an appeal
would be inadvisable since a reversal might re-expose Bashlor to
the death penalty, and had decided they would not continue on the
case. Mr. Hallowes testified, however, that the trial lawyers
would probably have been willing to represent Bashlor on appeal
if he had had the means to compensate them. There is no evidence
that Bashlor himself had been consulted and had himself decided
to forego his appeal rights and abide with his life sentence.
However, the record does not reflect at any time from November
17, 1951 until December 22, 1964 that Mr. Bashlor sought to raise
the issue of a refusal to be given counsel for an appeal. In fact
for the first thirteen (13) years of incarceration Mr. Bashlor
did not raise any issues as to his trial, pretrial procedures or
post-trial relief.
 8. On December 22, 1964 Bashlor filed a "Motion to Vacate And
Set Aside Judgment and Sentence" (State's Exhibit No. 2). Mr.
Bashlor complained of the lack of assistance of counsel at the
time of a confession and at a preliminary hearing. Again on
January 28, 1965 and March 6, 1965 (State's Exhibits 3 and 2
respectively), Bashlor again complained of denial of counsel at
various stages of the proceedings. Bashlor filed a "Second Motion
To Vacate The Judgment and Sentence" on July 30, 1966 (State's
Exhibit 4) in which he attacked his lawyers at trial and stated
that they were either "grossly incompetent or hired by the
opposition to deliberately lose petitioner's case". There is no
other documentation that the commissioner can find in the court
file that would either corroborate or refute Bashlor's testimony.
The death of the trial judge and the two defense lawyers compound
the problem of determining just what happened regarding a request
for appeal made some twenty-seven (27) years ago. Since Bashlor
has been incarcerated or in a mental institution for twenty-seven
(27) years trying to judge his demeanor is beyond the capacity of
the commissioner.
 9. Respondent argues that Bashlor never really wanted an
appeal, citing as proof the fact that he collaterally attacked
his conviction in the trial court and in the First District on
other grounds before finally complaining about denial of
appellate counsel in his habeas corpus petition filed with the
Supreme Court of Florida. Those collateral attacks, however,
provide no basis for any such finding. Bashlor did not know that
denial of appellate counsel was a valid ground for collateral
attack until after Douglas v. California, 372 U.S. 353, 83
S.Ct. 814, 9 L.Ed.2d 811 (1963), and the cases resulting
therefrom. Moreover, Bashlor's collateral attacks show that he
was not satisfied with his life sentence.
 DATED this 15th day of February, 1979, at Jacksonville, Duval
County, Florida.
 (s) Everett Richardson 
 COMMISSIONER

NOTES
[1] 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963).
[2] The court reporter at trial is deceased. In our order for rehearing which led to the opinion filed August 10, 1978, we inquired concerning, among other things, "whether it is now possible to reconstruct the record of proceedings in the trial court leading to petitioner's conviction." The state did not know the answer. Bashlor's counsel responded at oral argument that the reporter's shorthand notes of the trial do exist, although in a graphic style unknown to most latterday court reporters. No other representations have been made to us, nor apparently to the commissioner, concerning the availability of the trial record.