PER CURIAM.
See Bashlor v. Wainwright, 369 So.2d 695 (Fla. 1st DCA 1978), 374 So.2d 546 (Fla. 1st *872 DCA 1979). From submissions by the parties since our decision by opinion filed July 12,1979, it is evident that a court reporter’s transcript of the trial leading to the judgment and life sentence on November 16, 1951, cannot be provided; that any meaningful appeal would require close scrutiny of those proceedings; and that the parties cannot provide a suitable alternative record. The death of the trial judge and of trial defense counsel make it impossible to reconstruct a record in compliance with Fla.R. App.P. 9.200(b)(3). Accordingly, the judgment and sentence must be vacated and petitioner remanded for a new trial. E. g., Simmons v. State, 200 So.2d 619 (Fla. 1st DCA 1967); Bennett v. State, 196 So.2d 449 (Fla. 1st DCA 1967). By his prayer for that relief and other action in this proceeding, petitioner has waived any claim that he was denied a speedy trial. Apparently, all material witnesses at the former trial, except the medical examiner, are now alive and able to testify. To avoid further delay, which may substantially affect the State’s ability to retry petitioner, we dispense with petitions for rehearing, but stay issuance of our mandate for 15 days.
REVERSED and REMANDED.
MILLS, C. J., and ROBERT P. SMITH, Jr. and ERVIN, JJ., concur.