PER CURIAM.
John Wayne Odom timely appealed a judgment and sentence rendered February 25, 1987. After court reporter Michele Cooper obtained extensions of time in excess of nine months and still could not produce a transcript, this court directed that the reporter’s notes and tapes be transferred to a senior reporter in the circuit for preparation of a transcript. That reporter, Diane Pate, sought an extension of time this court deemed unacceptable and a 90-day extension of time was granted. The chief judge of the circuit was directed to secure the services of any additional court reporters as necessary to complete the transcript in this case and others attended by the original court reporter. The concerned parties were advised to treat the transcripts on an emergency basis and notified that failure to have the transcripts timely completed could result in reversal and remand for a new trial.
Sometime later, Ms. Pate certified to this court that she was unable to produce an acceptable transcript from the materials given her. A hearing was held in the lower tribunal with all interested parties represented and Chief Judge Bower certified that, because of the condition of the tapes and notes, no transcript could be prepared. This court relinquished jurisdiction to the lower tribunal to permit the parties to attempt to prepare an acceptable substitute for the transcript. See Rule 9.200(b)(4), Florida Rules of Appellate Procedure. Chief Judge Bower subsequently issued an order which stated that because of the defective condition of the reporter’s tapes and notes and the death of Judge W.L. Bailey, who presided over Odom’s trial, no substitute for a transcript could be prepared. On receipt of this order, the Office of the Attorney General was directed to show cause, if there be any, why this cause should not be reversed and remanded for a new trial under the authority of Bashlor v. Wainwright, 375 So.2d 871 (Fla. 1st DCA 1979). The state’s response concedes there is no legal cause why such relief should be granted and therefore we find we have no alternative but to REVERSE and REMAND for new trial.
SMITH, C.J., and MILLS and NIMMONS, JJ., concur.