PER CURIAM.
John Errol Ferguson appeals an order revoking his probation and sentencing him to a five year term of imprisonment.
Ferguson was convicted of resisting an officer with violence to his person and was sentenced to 18 months incarceration followed by’ two years probation. While on probation, Ferguson was charged with first degree murder, tried and convicted. At the conclusion of the murder trial, the court revoked his probation and sentenced him to five years on his initial conviction for resisting an officer.
On appeal Ferguson contends the court erred in revoking his probation at the conclusion of the murder trial without holding a separate revocation hearing and/or notifying him that the murder trial would be utilized as a revocation hearing. We cannot agree.
In the absence of a stipulation or consent, the trial of a criminal case should not be construed as a probation revocation hearing, but can be treated as such upon stipulation or consent made before or after the trial. State v. Spratling, 336 So.2d 361 (Fla.1976).
The record reflects that Ferguson’s counsel agreed with the trial judge that not only was Ferguson on probation at the time of the murder and understood the conditions of his probation, but also that there would be no need for a separate revocation hearing as the results of the probation violation would be determined by the outcome of the murder trial.
Ferguson next contends the trial court erred in imposing the five year sentence without crediting the defendant with the 18 months served on the original sentence.
We find this point well taken under the holding in State v. Holmes, 360 So.2d 380 (Fla.1978). Accordingly, we reverse the sentence and remand the cause to the trial court with directions to impose a new sentence giving Ferguson credit for the time served on his original sentence.
In all other respects the revocation order appealed is affirmed.
Affirmed in part, reversed in part and remanded with directions.