459 So.2d 439 (1984)
Robert WHITCHARD, Appellant,
v.
The STATE of Florida, Appellee.
No. 83-1192.
District Court of Appeal of Florida, Third District.
November 20, 1984.
Robert Whitchard, in pro. per.
Jim Smith, Atty. Gen., for appellee.
Before SCHWARTZ, C.J., and DANIEL S. PEARSON and FERGUSON, JJ.

ON MOTION FOR REHEARING
PER CURIAM.
Appellant was originally charged in 1978 with manslaughter by operation of a motor vehicle. As part of a negotiated plea of guilty, he was sentenced to three years of incarceration to be followed by four years probation. Appellant served the three year term of incarceration and was on probation when he was charged with first-degree murder. Appellant pled guilty to second-degree murder and was sentenced to thirty years imprisonment. His probation was revoked and a fifteen-year sentence was imposed to run concurrently with the thirty-year sentence. In this pro se appeal, appellant contends that the original sentence of three years followed by a probation violated the Florida Supreme Court's subsequent decision in Villery v. Florida Parole and Probation Commission, 396 So.2d 1107 (Fla. 1981).[1]
In none of the cases relied on by appellant,[2] where the illegal sentences were vacated, had the defendant challenged the sentence after having violated the terms of probation. Appellant could have challenged his sentence immediately following the Villery decision while still incarcerated for the manslaughter conviction. He waived this right by accepting and enjoying his probation, which he then violated in May of 1982. In similar cases we have held consistently that a guilty defendant may not accept and enjoy a probation, then challenge it as illegal after violating its terms. See, e.g., Preston v. State, 411 So.2d 297 (Fla. 3d DCA), rev. denied, 418 So.2d 1280 (Fla. 1982); King v. State, 373 So.2d 78 (Fla. 3d DCA 1979), cert. denied, 383 So.2d 1197 (Fla. 1980).
Appellant further contends that the sentencing court erred in failing to award credit for time served on the original sentence prior to commencement of the probation term. See State v. Jones, 327 So.2d 18 (Fla. 1976); Ferguson v. State, 372 So.2d 209 (Fla. 3d DCA 1979). This issue may not be raised for the first time on appeal, but instead should be presented to the trial court by a motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850. Spurlock v. State, 449 So.2d 973 (Fla. 5th DCA 1984); Meintzer v. State, 399 So.2d 133 (Fla. 5th DCA 1981).
Affirmed.
NOTES
[1] In Villery, the Florida Supreme Court held that the period of incarceration which may be imposed as a condition of probation must be less than one year.
[2] Appellant cites the following cases in support of his contention that the initial sentence should be vacated: Forbert v. State, 437 So.2d 1079 (Fla. 1983); Brod v. State, 437 So.2d 152 (Fla. 1983); Chaney v. State, 452 So.2d 1148 (Fla. 5th DCA 1984); Santana v. State, 442 So.2d 1103 (Fla. 3d DCA 1983).