PER CURIAM.
Appellant was convicted of robbery in 1986 and received a “true” split sentence: Tk years incarceration suspended after 5V2 years with probation to completion of the sentence. Upon release, appellant violated probation. The court revoked probation and imposed a new “true” split sentence: 15 years incarceration suspended after 7 years with defendant then placed on probation.
Appellant correctly argues that the trial court erred in sentencing him to 15 years after probation was revoked. Because appellant initially received a true split sentence totalling 7¾⅛ years, upon re-sentencing after a violation of probation the court had to recognize two limitations: the one cell bump-up in the sentencing guidelines and the total term of the original split sentence. See Poore v. State, 531 *905 So.2d 161 (Fla.1988); Johnson v. State, 557 So.2d 203 (Fla. 5th DCA 1990).
When defendant was initially sentenced for the robbery conviction in 1986, his guidelines scoresheet placed him in the recommended range of 4½ to 5¥2 years incarceration. With the one cell bump-up for violation of probation, defendant’s recommended range was increased to 5V2 to 7 years incarceration. Therefore, the trial court should have sentenced defendant to 7 years incarceration with credit for the time previously served.
Defendant also correctly notes that he did not receive proper jail time credit. After probation was revoked, defendant was given jail time, credit of 675 days, which presumably represents the time that was actually served by defendant. The supreme court has held that if a defendant serving a split sentence is released early from incarceration because of gain time, the gain time in effect becomes a vested interest and if probation is later revoked, jail time credit should be given for the entire incarcerative portion of the split sentence. See State v. Green, 547 So.2d 925 (Fla.1989). Appellant should have received credit for 5½ years.
Appellant’s remaining points on appeal are without merit.
SENTENCE VACATED and REMANDED FOR RESENTENCING.
HARRIS, PETERSON and GRIFFIN, JJ., concur.