586 So.2d 488 (1991)
Charles BASHLOR, Appellant,
v.
STATE of Florida, Appellee.
No. 90-1127.
District Court of Appeal of Florida, First District.
September 26, 1991.
Rehearing Denied October 25, 1991.
Nancy Daniels, Public Defender, Glen P. Gifford, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., Edward C. Hill, Jr., Asst. Atty. Gen., Tallahassee, for appellee.
SMITH, Judge.
Appellant appeals an order denying his motion to dismiss affidavit for violation of probation and the subsequent revocation of his probation returning him to jail to serve a life sentence. We affirm.
In 1951, appellant, then 16 years old, was convicted of first degree murder and sentenced to life in prison. Many years later, he challenged his conviction on the grounds that he requested and was denied appointed appellate counsel to prosecute his appeal. After a series of decisions, this court ruled he was entitled to a first appeal with assistance of counsel, but because of the lack of a trial transcript and the unavailability of a suitable alternative record, which foreclosed his appeal, his judgment and sentence was vacated and a new trial ordered. Bashlor v. Wainwright, 375 So.2d 871 *489 (Fla. 1st DCA 1979), 374 So.2d 546 (Fla. 1st DCA 1979), and 369 So.2d 695 (Fla. 1st DCA 1978).
On remand, instead of retrial, appellant and the state negotiated a plea. Appellant pled guilty to first degree murder and was sentenced to life in prison, but his sentence was suspended after he was given credit for the 28 years and 73 days he had already spent in jail, and he was placed on probation for the remainder of his natural life. As part of the plea agreement, the state agreed to drop two escape charges. Unknown to appellant, and either unknown or unnoticed by the trial court, section 948.01(1), Florida Statutes (1951), prohibited the imposition of probation for a first degree murder offense.
A week after he was placed on probation, appellant was arrested in Savannah, Georgia, for rape, for which he was subsequently convicted and served approximately five and one-half years in jail. Shortly after his release on the rape charge, appellant was arrested for burglary and aggravated assault in Georgia. An affidavit for violation of probation was filed on August 19, 1986, and remained outstanding until appellant's return to Florida in 1989, after his release from a sentence imposed in Georgia for the burglary and aggravated assault.
Appellant moved to dismiss the affidavit of violation of probation contending that the probationary portion of his 1980 sentence was illegal. In support of his motion, the defendant also argued that the judgment and sentence should be vacated and set aside and he should be permitted to withdraw his plea of guilty. In response, the state argued that appellant was estopped to contest the probationary portion of his sentence because he freely and voluntarily entered the plea agreement, had other charges dropped and benefitted from being on probation for the last ten years. The trial court agreed ruling:
[A]lthough the imposition of a probationary sentence may have been improper, the Defendant freely, knowingly, and voluntarily entered into an agreement to accept a probationary sentence together with all of the terms and conditions which would apply thereto. The Defendant cannot now, facing a revocation hearing after ten years of probation, complain that the sentence imposed was illegal.
We concur in the reasoning of the trial court. Absent some jurisdictional flaw, Florida courts have repeatedly held that sentences imposed in violation of statutory requirements, which are to the benefit of the defendant and to which he agreed, may not be challenged after the defendant has accepted the benefits flowing from the plea, but has failed to carry out the conditions imposed on him. Witchard v. State, 459 So.2d 439 (Fla. 3d DCA 1984); Preston v. State, 411 So.2d 297 (Fla. 3d DCA 1982); King v. State, 373 So.2d 78 (Fla. 3d DCA 1979), cert. denied, 383 So.2d 1197 (Fla. 1980) and Smith v. State, 345 So.2d 1080 (Fla. 3d DCA 1977), see also Madrigal v. State, 545 So.2d 392 (Fla. 3d DCA 1989); Clem v. State, 462 So.2d 1134 (Fla. 4th DCA 1984). Here, unlike the appellant in Britt v. State, 352 So.2d 148 (Fla. 2d DCA 1977), appellant and the court below were under no misapprehension as to the length of time appellant could be imprisoned on the original charges against him.
Appellant's reliance on Forbert v. State, 437 So.2d 1079 (Fla. 1983) is misplaced, as it is factually distinguishable. In that case, Forbert pled guilty with the understanding that the sentence he was to receive in exchange, five years' imprisonment followed by three of probation, was statutorily authorized. However, this was an illegal Villery[1] "split sentence" and Forbert sought to have it corrected. When the trial judge announced its intention to resentence appellant to eight years in prison Forbert moved to withdraw his plea, but the motion was denied. The Supreme Court ruled that the trial court erred in denying the motion to withdraw because the eight-year sentence was not what Forbert had bargained for. Unlike Forbert, appellant bargained for a probationary sentence and it was only after *490 he violated his probation and faced return to prison that he challenged its legality.
AFFIRMED.
WIGGINTON and KAHN, JJ., concur.
NOTES
[1] Villery v. Florida Parole and Probation Commission, 396 So.2d 1107 (Fla. 1981).