591 So.2d 1102 (1992)
Robert Edward BRYANT, Appellant,
v.
STATE of Florida, Appellee.
No. 91-72.
District Court of Appeal of Florida, Fifth District.
January 3, 1992.
James B. Gibson, Public Defender, and Brynn Newton, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Judy Taylor Rush, Asst. Atty. Gen., Daytona Beach, for appellee.
HARRIS, Judge.
In 1989, Robert Edward Bryant pled guilty to burglary of a structure and grand theft. He was sentenced as an habitual offender to concurrent terms of "ten years suspended upon successful completion of two years community control."
In 1990, Bryant violated the terms of community control and his community control sentence was revoked. Because the trial court believed it had no alternative, it then sentenced Bryant to the remaining 10 years of the suspended sentence.
*1103 Bryant argues on appeal that the court erred in believing that it had no alternative to this maximum sentence and therefore should resentence him after considering alternatives. The state urges that since the court initially imposed "a true split sentence," upon violation, Poore[1] and Franklin[2] would require the court to recommit the defendant to the balance of his suspended term.
But this was not a Poore "true split sentence" or, for that matter, any sentencing alternative recognized by Poore. A Poore true split sentence is "a total period of confinement with a portion of the confinement period suspended and the defendant placed on probation for that suspended portion." Poore at 164. For example, ten years in prison but the defendant to be released from incarceration after three years with the remaining seven years being served on probation would be a true split sentence. In the present case, the court announced a ten year prison term but suspended it all (with no probation) subject to the condition that defendant "successfully complete" two years community control. In other words this was a conditional suspended sentence. Since there was no probation to follow, the successful completion of the community control would have satisfied the entire sentence.
In addition to being a conditional suspended sentence it was also an alternative sentence: either successfully complete two years community control or serve ten years in prison. Neither party has urged that this sentence is illegal but if Poore is read to limit sentencing alternatives to those specified therein (as we read it), this sentence is unauthorized and therefore illegal. The court can correct an illegal sentence at any time. Rule 3.800(a), Florida Rules of Criminal Procedure. Even if this sentence were construed to be an acceptable hybrid of the designated alternatives, still the court would have the authority to sentence for less than the initially specified ten years. Neither double jeopardy[3] nor Pearce[4] due process concerns would prevent a resentence or recommitment for a lesser period.
As the supreme court stated in Poore at 164:
However, if [a true split sentence] is used as the original sentence, the sentencing judge in no instance may order new incarceration that exceeds the remaining balance of the withheld or suspended portion of the original sentence. [Emphasis added.]
REVERSED and REMANDED for resentencing.
COBB and GRIFFIN, JJ., concur.
NOTES
[1] Poore v. State, 531 So.2d 161, 164 (Fla. 1988).
[2] Franklin v. State, 526 So.2d 159, 162-163 (Fla. 5th DCA 1988), aff'd, 545 So.2d 851 (Fla. 1989).
[3] Double jeopardy in sentencing does not attach until the prisoner starts "serving" the sentence. The general rule regarding the right against double jeopardy is that once a defendant has begun serving a sentence, double jeopardy protections attach and the sentence cannot thereafter be increased. Ex Parte Lange, 85 U.S. (18 Wall.) 163, 21 L.Ed. 872 (1874). In the case before us, Bryant never started serving the ten year sentence, nor was it intended that, if he successfully completed community control, he would ever serve it.
[4] North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), overruled, in part, on other grounds, Alabama v. Smith, 490 U.S. 794, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989).