594 So.2d 864 (1992)
David D. FERGUSON, Appellant,
v.
STATE of Florida, Appellee.
No. 91-873.
District Court of Appeal of Florida, Fifth District.
March 6, 1992.
*865 James B. Gibson, Public Defender, and M.A. Lucas, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and James N. Charles, Asst. Atty. Gen., Daytona Beach, for appellee.
W. SHARP, Judge.
Ferguson appeals from the trial court's order which (after he pled guilty to violation of probation and was adjudicated) reinstated his fifteen-year term of probation and sentenced him to three hundred sixty-four days in the county jail, to be suspended upon successful completion of probation. Appellant received no credit for time served, although he had served two and one-half years for second degree grand theft.[1] We vacate the sentence and remand for resentencing.
Although the record is not completely clear, all parties (including the sentencing judge) agree that Ferguson pled guilty to grand theft in 1989, and was sentenced to thirty months in prison, to be followed by fifteen years on probation beginning July 22, 1989. After commencing to serve his probation, Ferguson violated it in 1990. He pled guilty to probation violation and was before the court for resentencing at this stage in the proceedings below.
The trial court was concerned that Ferguson had paid nothing towards the $64,000 restitution required by the original probation order. It tried to devise a remedy that would permit Ferguson to stay out of prison so that he could earn money to pay toward restitution, but which would hold over his head the threat of further prison time if he defaulted. However, the means chosen to accomplish these goals are not sustainable.
Initially we note that the original sentence imposed in this case was illegal because it exceeds (prison time plus the term of probation) the fifteen-year statutory maximum for this crime.[2]State v. Holmes, 360 So.2d 380 (Fla. 1978); Soria v. State, 584 So.2d 1130 (Fla. 5th DCA 1991); Fla.R.Crim.P. 3.701, Committee Note d.12. Although Ferguson did not argue this point below in a motion to correct an illegal sentence,[3] appellate counsel has raised the issue before us, in connection with this appeal from the modified order. A court *866 having jurisdiction can always act to correct an illegal sentence. We direct that the original sentence be corrected to reflect the maximum probation term: two and one-half years in the Department of Corrections, succeeded by twelve and one-half years on probation.
The second problem in this case is that the modified order imposes a sixth sentence alternative which does not appear to be one authorized nor approved by Poore v. State, 531 So.2d 161 (Fla. 1988). In Poore, the court set out five sentencing alternatives: 1) a period of confinement; 2) a "true split sentence" consisting of a total period of confinement with a portion of the confinement period suspended and the defendant placed on probation for that suspended portion; 3) a "probationary split sentence" consisting of a period of confinement, none of which is suspended, followed by a period of probation; 4) a Villery sentence,[4] consisting of a period of probation preceded by a period of confinement imposed as a special condition; and 5) straight probation. 531 So.2d at 164.
In the present case, Ferguson was given 364 days in the county jail suspended upon successful completion of probation. This is not one of the sentencing alternatives set out in Poore nor is there express authority for this type of conditional or suspended sentence in section 921.187, Florida Statutes (1987).[5]
In Bryant v. State, 591 So.2d 1102 (Fla. 5th DCA 1992), Bryant was sentenced to ten years incarceration suspended upon successful completion of two years community control. This court indicated that it read Poore as limiting sentencing alternatives to those specified therein and that Bryant's "conditional suspended sentence" was unauthorized and therefore illegal. In Shieder v. State, 430 So.2d 537, 538 n. 1 (Fla. 5th DCA 1983), this court noted that the practice of withholding or suspending sentencing was improper and illegal.
The third problem with the modified order in this case is that the trial judge failed to give Ferguson credit for time served. When sentencing for a violation of probation, the trial court must give the defendant credit for time served and gain time accrued during any earlier imprisonment underlying the violation of probation. State v. Green, 547 So.2d 925 (Fla. 1989); Brown v. State, 565 So.2d 904 (Fla. 5th DCA 1990).[6]
We have no alternative but to quash the modified probation order and remand for resentencing. Ferguson was initially given a "probationary split sentence" pursuant to the Poore alternatives. The prison time was thirty months. The balance of the statutory maximum, twelve and one-half years, was the longest probationary period allowable. Upon violation of that probation and adjudication of violation, the sentencing judge can impose any sentence he or she originally might have imposed, with credit for time served and subject to the guidelines recommendation. Upon remand, the trial judge must devise a sentence which comports with the Poore alternatives, fits within the fifteen-year statutory maximum but includes time served, and complies with the guidelines recommended or bump-up brackets, unless valid written departure reasons are given.
QUASH ORDER MODIFYING PROBATION AND REMAND.
DAUKSCH and DIAMANTIS, JJ., concur.
NOTES
[1] § 812.014, Fla. Stat. (1987).
[2] § 775.082(3)(c), Fla. Stat. (1987).
[3] Fla.R.Crim.P. 3.850.
[4] Villery v. Florida Parole and Probation Commission, 396 So.2d 1107 (Fla. 1980).
[5] This section catalogues all statutory sentencing alternatives. Johnson v. State, 574 So.2d 222, 224 n. 2 (Fla. 5th DCA 1991).
[6] Neither party addresses the applicability of section 948.06(6) which provides that whenever probation is violated and revoked, the offender may be deemed to have forfeited all gain time. This section was effective September 1, 1990. Laws 1989, Ch. 89-526, §§ 8, 11, 52. Ferguson committed the underlying offense of grand theft on May 7, 1988 and violated his probation by committing unlawful acts in October 1990.