PER CURIAM.
Appellant was tried and convicted of two counts of delivery of cocaine[1] and two counts of possession of cocaine.[2] The trial court found that appellant was an habitual felony offender and sentenced him to two concurrent eight year terms of incarceration for the two counts of possession (counts 2' and 4) and two concurrent fifteen year terms of incarceration for the two counts of delivery (counts 1 and 3), to be served consecutive to the eight year terms. However, the fifteen year terms were suspended upon appellant successfully completing five years probation. We affirm appellant’s convictions and sentences for the two counts of possession, but reverse the sentences for the two counts of delivery (counts 1 and 3) and remand for resen-tencing.
The sentence of fifteen years suspended after completion of probation constitutes a “conditional suspended sentence” as in Bryant v. State, 591 So.2d 1102 (Fla. 5th DCA1992) and is an unauthorized sentencing alternative. Even if construed as a straight term of probation, the penalty is improper because in State v. Kendrick, 596 So.2d 1153 (Fla. 5th DCA1992), review pending, No. 79,953, this court held that the habitual felony offender statute mandates a sentence of a term of years and does not allow imposition of straight probation. Therefore, appellant’s sentences for counts 1 and 3 are reversed and remanded for imposition of legal sentences.
*944 AFFIRMED in part, REVERSED in part and REMANDED.
DAUKSCH, W. SHARP and HARRIS, JJ., concur.

. § 893.13(l)(a)(l), Fla.Stat. (1991).

. § 893.13(l)(f), Fla.Stat. (1991).