607 So.2d 475 (1992)
Vernon GASKINS, Appellant,
v.
STATE of Florida, Appellee.
No. 91-106.
District Court of Appeal of Florida, First District.
October 12, 1992.
Nancy A. Daniels, Public Defender, and Carol Ann Turner, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Marilyn McFadden, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
Appellant, Vernon Gaskins, appeals his sentence for violation of probation, contending that it is not one of the sentencing alternatives authorized by the supreme court in Poore v. State, 531 So.2d 161 (Fla. 1988). We agree, but nevertheless affirm as to this issue based upon Bashlor v. State, 586 So.2d 488 (Fla. 1st DCA 1991), review denied, 598 So.2d 75 (Fla. 1992), because Gaskins accepted the benefits of probation in the original sentence rather than appeal it. We reverse, however, the trial court's failure to include in appellant's sentence the credit for time already served and remand for inclusion of such time. We do not reach appellant's challenge to the absence of an accurate guidelines scoresheet, because the sentence was based on a plea agreement.
On January 5, 1989, Judge Ralph Smith sentenced appellant to four years and four months' incarceration, followed by five years' probation for each of four grand theft convictions, to be served concurrently. On October 25, 1989, Judge Kevin Davey found Gaskins violated probation by committing an aggravated battery on his girlfriend. The court revoked appellant's probation and imposed new concurrent sentences of five years' probation for the grand theft convictions, and, pursuant to a plea agreement, sentenced Gaskins to ten years' incarceration for the aggravated battery, which was suspended conditioned upon his completion of a five-year probationary period during which time Gaskins was to have no contact with the girlfriend. Judge Davey stated that his primary goal was to keep Gaskins from having any contact with the victim, and, that if he did contact her, the court would sentence him to ten years in prison, "which will be a departure from the guidelines but it is an agreed to sentence and plea here today."
In February 1990, Gaskins violated his probations by committing a sexual battery *476 upon the girlfriend. Judge F.E. Steinmeyer terminated probation in the four earlier cases and sentenced Gaskins to ten years' incarceration for the aggravated battery, stating that he had no choice but to comply with the sentence imposed by Judge Davey.
The ten-year sentence, which was to be suspended upon successful completion of five years' probation, a "conditional suspended sentence," is not one of the following five sentencing alternatives articulated by the Florida Supreme Court in Poore v. State, 531 So.2d 161 (Fla. 1988): (1) a period of confinement, (2) a split sentence of confinement with a portion of the confinement suspended and the defendant placed on probation for that suspended portion, (3) a probationary split sentence consisting of confinement, none of which is suspended, followed by probation, (4) a period of probation preceded by confinement imposed as a special condition, and (5) straight probation. Although there is some uncertainty whether the supreme court intended this list to be all-inclusive, we nevertheless affirm as to appellant's illegal sentence contention. Cf. Ferguson v. State, 594 So.2d 864 (Fla. 5th DCA 1992) (sentence of 364 days in county jail, to be suspended upon successful completion of 15 years' probation, is illegal because not authorized by the supreme court in Poore); Bryant v. State, 591 So.2d 1102 (Fla. 5th DCA 1992) (sentence of ten years' incarceration, suspended upon successful completion of two years' community control, is illegal because it was not one of the sentencing alternatives authorized in Poore).
Existing case law recognizes that once a defendant has enjoyed the benefits of probation without challenging the legality of sentence, the defendant is thereafter precluded from complaining that the sentence is illegal in an appeal from an order revoking probation. Bashlor v. State, 586 So.2d 488 (Fla. 1st DCA 1991), review denied, 598 So.2d 75 (Fla. 1992); Clem v. State, 462 So.2d 1134 (Fla. 4th DCA 1984); Whitchard v. State, 459 So.2d 439 (Fla. 3d DCA 1984); Rodriguez v. State, 441 So.2d 1129 (Fla. 3d DCA 1983), review denied, 451 So.2d 850 (Fla. 1984). Indeed, Ferguson was a direct appeal from the improper sentence. However, Bryant was not, but was, as is the case at bar, an appeal from a revocation of probation. In Bryant, the Fifth District did not mention the line of cases cited above and instead stated, "The court can correct an illegal sentence at any time. Rule 3.800(a), Fla.R.Crim.P." Bryant, 591 So.2d at 1103.
We therefore certify the following question as one of great public importance:
DOES POORE vs. STATE PRECLUDE IMPOSITION OF A SENTENCE OF A PERIOD OF INCARCERATION, SUSPENDED UPON SUCCESSFUL COMPLETION OF A PERIOD OF PROBATION? AND, IF IT DOES, IS A DEFENDANT PERMITTED TO CHALLENGE ITS LEGALITY ONLY ON DIRECT APPEAL OF THE ORIGINAL SENTENCING ORDER, OR MAY THE DEFENDANT CHALLENGE ITS LEGALITY ON APPEAL OF THE ORDER REVOKING PROBATION?
AFFIRMED IN PART, REVERSED IN PART, and REMANDED with directions to the court to correct appellant's sentence to reflect credit for time served.
SMITH, J., concurs.
ERVIN and KAHN, JJ., concur with written opinions.
ERVIN, Judge, concurring.
While I agree with the majority that reversal and remand is necessary due to the trial court's failure to properly credit appellant with time previously served, and I agree as well that the absence of an accurate guidelines scoresheet is moot under the circumstances, I concur with the majority in affirming the sentence only because of the established precedent of our own district, Bashlor v. State, 586 So.2d 488 (Fla. 1st DCA 1991), review denied, 598 So.2d 75 (Fla. 1992), as to the issue raised regarding the legality of the sentence imposed. In so doing, however, I am constrained to say that I do not find Bashlor or those cases from other districts cited by *477 the majority[1] persuasive in that they apparently overlook the well-established rule regarding fundamental error as it pertains to illegal sentences.
In State v. Rhoden, 448 So.2d 1013 (Fla. 1984), the supreme court was confronted with the issue of whether a sentence imposed on a juvenile as an adult was illegal in that the trial court failed to explain in writing why adult sanctions were appropriate, as required by Section 39.111(6), Florida Statutes (1981), and decided that the trial court's noncompliance with section 39.111(6) constituted fundamental error, which did not require a contemporaneous objection. In reaching its conclusion, the court reasoned that if the error were not considered fundamental, and therefore reviewable in the absence of a timely objection, a defendant would thereby be precluded from appealing from an illegal sentence. Id. at 1016. Thus, Rhoden instructs that an illegal sentence constitutes fundamental error which may be raised for the first time on appeal. Accord Larson v. State, 572 So.2d 1368, 1370 (Fla. 1991) (contemporaneous objection not required to appeal illegal conditions of probation).
An illegal sentencing error is fundamental, because it could cause a defendant to serve a longer sentence than is permitted by law. Cook v. State, 553 So.2d 1292, 1294 (Fla. 1st DCA 1989); Dowdell v. State, 500 So.2d 594, 595 (Fla. 1st DCA 1986). A defendant may not, either through a plea agreement or acquiescence, confer authority on a court to impose an illegal sentence. Larson, 572 So.2d at 1371; Williams v. State, 500 So.2d 501, 503 (Fla. 1986), clarified in Quarterman v. State, 527 So.2d 1380 (Fla. 1988); Rhoden, 448 So.2d at 1016; Fuller v. State, 578 So.2d 887, 889 (Fla. 1st DCA 1991), quashed on other grounds, 595 So.2d 20 (Fla. 1992); Poppell v. State, 509 So.2d 390, 390 (Fla. 1st DCA 1987); Bernard v. State, 571 So.2d 560, 561 (Fla. 5th DCA 1990).
If a defendant cannot confer authority on a court to impose an illegal sentence during the initial sentencing proceeding, I fail to see how a defendant's subsequent action, including an agreement that a court may impose an illegal sentence, can confer authority on the court later to disregard the illegality of the sentence. As substantial case law and Florida Rule of Criminal Procedure 3.800 both reveal, a trial court can correct an illegal sentence at any time.
In the instant case, appellant was sentenced to ten years of incarceration, which was suspended upon completion of five years of probation. This "conditional suspended sentence" is, in my judgment, illegal, because it is not one of the authorized sentences recognized under Poore v. State, 531 So.2d 161 (Fla. 1988). Ferguson v. State, 594 So.2d 864 (Fla. 5th DCA 1992) (sentence of 364 days in county jail, to be suspended upon successful completion of 15 years of probation, is illegal because not authorized by the supreme court in Poore); Bryant v. State, 591 So.2d 1102 (Fla. 5th DCA 1992) (sentence of ten years of incarceration, suspended upon successful completion of two years of community control, illegal because it was not one of the sentencing alternatives authorized in Poore).
In addition to being unauthorized under Poore, appellant's sentence is also impermissible under Section 921.187, Florida Statutes (1991). Appellant's probationary term preceded an incarcerative term; under section 921.187 all the probationary terms either follow a term of incarceration or are imposed in lieu of incarceration.
I also note that contrary to true or probationary split sentences, wherein the defendants are given full credit for all time served on their sentences up through the time they are resentenced upon a violation of probation,[2] appellant's ten-year incarcerative sentence imposed below, following his violation of probation, failed to take into consideration the fact that he successfully completed a portion of the sentence originally *478 imposed prior to the violation. The ten-year sentence thus fails to give appellant credit for time served while on probation prior to the violation. Compare Heuring v. State, 559 So.2d 207 (Fla. 1990) (concluding that accrued gain time was functional equivalent of time spent in prison which could not then be also spent on probation).
Were it not for this court's decision in Bashlor, I would reverse the ten-year sentence imposed on appellant following the revocation of his probation as to the aggravated battery conviction and remand for resentencing in accordance with Poore and section 921.187.
KAHN, Judge, concurring.
I believe the sentence, resulting from a plea bargain, should be affirmed. Any other result would tend to encourage chaos. A defendant should not be able to freely and voluntarily agree to a plea and a sentence, and then, upon a probation violation perhaps years later, challenge the sentence as "illegal," where the resulting term of incarceration, or combined terms of incarceration and probation, does not exceed the maximum allowable for the particular offense.
I also tend to believe that Gaskins' sentence may be viewed as fitting the second sentencing alternative in Poore v. State, supra at 164 ("true" split sentence). Had Gaskins bargained for and received a ten-year sentence, with all but one month suspended, conditioned upon successful completion of nine years, eleven months probation, he could not complain. The instant sentence merely benefitted Gaskins by not requiring him to serve any initial prison time, and by requiring only five years probation, rather than the entire length of the suspended sentence. I nonetheless agree to certification because this is a perplexing area.
NOTES
[1] Clem v. State, 462 So.2d 1134 (Fla. 4th DCA 1984); Whitchard v. State, 459 So.2d 439 (Fla. 3d DCA 1984); Rodriguez v. State, 441 So.2d 1129 (Fla. 3d DCA 1983), review denied, 451 So.2d 850 (Fla. 1984).
[2] See Franklin v. State, 545 So.2d 851 (Fla. 1989).