PER CURIAM.
Appellant, Vernon Gaskins, appeals his sentence for violation of probation, contending that it is not one of the sentencing alternatives authorized by the supreme court in Poore v. State, 531 So.2d 161 (Fla.1988). We agree, but nevertheless affirm as to this issue based upon Bashlor v. State, 586 So.2d 488 (Fla. 1st DCA1991), review denied, 598 So.2d 75 (Fla.1992), because Gaskins accepted the benefits of probation in the original sentence rather than appeal it. We reverse, however, the trial court’s failure to include in appellant’s sentence the credit for time already served and remand for inclusion of such time. We do not reach appellant’s challenge to the absence of an accurate guidelines scoresheet, because the sentence was based on a plea agreement.
On January 5, 1989, Judge Ralph Smith sentenced appellant to four years and four months’ incarceration, followed by five years’ probation for each of four grand theft convictions, to be served concurrently. On October 25, 1989, Judge Kevin Da-vey found Gaskins violated probation by committing an aggravated battery on his girlfriend. The court revoked appellant’s probation and imposed new concurrent sentences of five years’ probation for the grand theft convictions, and, pursuant to a plea agreement, sentenced Gaskins to ten years’ incarceration for the aggravated battery, which was suspended conditioned upon his completion of a five-year probationary period during which time Gaskins was to have no contact with the girlfriend. Judge Davey stated that his primary goal was to keep Gaskins from having any contact with the victim, and, that if he did contact her, the court would sentence him to ten years in prison, “which will be a departure from the guidelines but it is an agreed to sentence and plea here today.”
In February 1990, Gaskins violated his probations by committing a sexual battery *476 upon the girlfriend. Judge F. E. Stein-meyer terminated probation in the four earlier cases and sentenced Gaskins to ten years’ incarceration for the aggravated battery, stating that he had no choice but to comply with the sentence imposed by Judge Davey.
The ten-year sentence, which was to be suspended upon successful completion of five years’ probation, a “conditional suspended sentence,” is not one of the following five sentencing alternatives articulated by the Florida Supreme Court in Poore v. State, 531 So.2d 161 (Fla.1988): (1) a period of confinement, (2) a split sentence of confinement with a portion of the confinement suspended and the defendant placed on probation for that suspended portion, (3) a probationary split sentence consisting of confinement, none of which is suspended, followed by probation, (4) a period of probation preceded by confinement imposed as a special condition, and (5) straight probation. Although there is some uncertainty whether the supreme court intended this list to be all-inclusive, we nevertheless affirm as to appellant’s illegal sentence contention. Cf. Ferguson v. State, 594 So.2d 864 (Fla. 5th DCA1992) (sentence of 364 days in county jail, to be suspended upon successful completion of 15 years’ probation, is illegal because not authorized by the supreme court in Poore)) Bryant v. State, 591 So.2d 1102 (Fla. 5th DCA1992) (sentence of ten years’ incarceration, suspended upon successful completion of two years’ community control, is illegal because it was not one of the sentencing alternatives authorized in Poore).
Existing case law recognizes that once a defendant has enjoyed the benefits of probation without challenging the legality of sentence, the defendant is thereafter precluded from complaining that the sentence is illegal in an appeal from an order revoking probation. Bashlor v. State, 586 So.2d 488 (Fla. 1st DCA1991), review denied, 598 So.2d 75 (Fla.1992); Clem v. State, 462 So.2d 1134 (Fla. 4th DCA1984); Whitchard v. State, 459 So.2d 439 (Fla. 3d DCA1984); Rodriguez v. State, 441 So.2d 1129 (Fla. 3d DCA1983), review denied, 451 So.2d 850 (Fla.1984). Indeed, Ferguson was a direct appeal from the improper sentence. However, Bryant was not, but was, as is the case at bar, an appeal from a revocation of probation. In Bryant, the Fifth District did not mention the line of cases cited above and instead stated, “The court can correct an illegal sentence at any time. Rule 3.800(a), Fla.R.Crim.P.” Bryant, 591 So.2d at 1103.
We therefore certify the following question as one of great public importance:
DOES POORE vs. STATE PRECLUDE IMPOSITION OF A SENTENCE OF A PERIOD OF INCARCERATION, SUSPENDED UPON SUCCESSFUL COMPLETION OF A PERIOD OF PROBATION? AND, IF IT DOES, IS A DEFENDANT PERMITTED TO CHALLENGE ITS LEGALITY ONLY ON DIRECT APPEAL OF THE ORIGINAL SENTENCING ORDER, OR MAY THE DEFENDANT CHALLENGE ITS LEGALITY ON APPEAL OF THE ORDER REVOKING PROBATION?
AFFIRMED IN PART, REVERSED IN PART, and REMANDED with directions to the court to correct appellant’s sentence to reflect credit for time served.
SMITH, J., concurs.
ERVIN and KAHN, JJ., concur with written opinions.