ERVIN, Judge,
concurring.
While I agree with the majority that reversal and remand is necessary due to the trial court’s failure to properly credit appellant with time previously served, and I agree as well that the absence of an accurate guidelines scoresheet is moot under the circumstances, I concur with the majority in affirming the sentence only because of the established precedent of our own district, Bashlor v. State, 586 So.2d 488 (Fla. 1st DCA1991), review denied, 598 So.2d 75 (Fla.1992), as to the issue raised regarding the legality of the sentence imposed. In so doing, however, I am constrained to say that I do not find Bashlor or those cases from other districts cited by *477 the majority[1] persuasive in that they apparently overlook the well-established rule regarding fundamental error as it pertains to illegal sentences.
In State v. Rhoden, 448 So.2d 1013 (Fla.1984), the supreme court was confronted with the issue of whether a sentence imposed on a juvenile as an adult was illegal in that the trial court failed to explain in writing why adult sanctions were appropri-" ate, as required by Section 39.111(6), Florida Statutes (1981), and decided that the. trial court’s noncompliance with section 39.-111(6) constituted fundamental error, which did not require a contemporaneous objec-' tion. In reaching its conclusion, the court reasoned that if the error were not considered fundamental, and therefore reviewable in the absence of a timely objection, a defendant would thereby be precluded from appealing from an illegal sentence. Id. at 1016. Thus, Rhoden instructs that an illegal sentence constitutes fundamental error which may be raised for the first time on appeal. Accord Larson v. State, 572 So.2d 1368, 1370 (Fla.1991) (contemporaneous objection not required to appeal illegal conditions of probation).
An illegal sentencing error is fundamental, because it could cause a defendant to serve a longer sentence than is permitted by law. Cook v. State, 553 So.2d 1292, 1294 (Fla. 1st DCA1989); Dowdell v. State, 500 So.2d 594, 595 (Fla. 1st DCA1986). A defendant may not, either through a plea agreement or acquiescence, confer authority on a court to impose an illegal sentence. Larson, 572 So.2d at 1371; Williams v. State, 500 So.2d 501, 503 (Fla.1986), clarified in Quarterman v. State, 527 So.2d 1380 (Fla.1988); Rhoden, 448 So.2d at 1016; Fuller v. State, 578 So.2d 887, 889 (Fla. 1st DCA1991), quashed on other grounds, 595 So.2d 20 (Fla.1992); Poppell v. State, 509 So.2d 390, 390 (Fla. 1st DCA1987); Bernard v. State, 571 So.2d 560, 561 (Fla. 5th DCA1990).
If a defendant cannot confer authority on a court to impose an illegal sentence during the initial sentencing proceeding, I fail to see how a defendant’s subsequent action, including an agreement that a court may impose an illegal sentence, can confer authority on the court later to disregard the illegality of the sentence. As substantial case law and Florida Rule of Criminal Procedure 3.800 both reveal, a trial court can correct an illegal sentence at any time.
In the instant case, appellant was sentenced to ten years of incarceration, which was suspended upon completion of five years of probation. This “conditional suspended sentence” is, in my judgment, illegal, because it is not one of the authorized sentences recognized under Poore v. State, 531 So.2d 161 (Fla.1988). Ferguson v. State, 594 So.2d 864 (Fla. 5th DCA1992) (sentence of 364 days in county jail, to be suspended upon successful completion of 15 years of probation, is illegal because not authorized by the supreme court in Poore); Bryant v. State, 591 So.2d 1102 (Fla. 5th DCA1992) (sentence of ten years of incarceration, suspended upon successful completion of two years of community control, illegal because it was not one of the sentencing alternatives authorized in Poore).
In addition to being unauthorized under Poore, appellant’s sentence is also impermissible under Section 921.187, Florida Statutes (1991). Appellant’s probationary term preceded an incarcerative term; under section 921.187 all the probationary terms either follow a term of incarceration or are imposed in lieu of incarceration.
I also note that contrary to true or probationary split sentences, wherein the defendants are given full credit for all time served on their sentences up through the time they are resentenced upon a violation of probation,[2] appellant’s ten-year incarcer-ative sentence imposed below, following his violation of probation, failed to take into consideration the fact that he successfully completed a portion of the sentence origi *478 nally imposed prior to the violation. The ten-year sentence thus fails to give appellant credit for time served while on probation prior to the violation. Compare Heuring v. State, 559 So.2d 207 (Fla.1990) (concluding that accrued gain time was functional equivalent of time spent in prison which could not then be also spent on probation).
Were it not for this court’s decision in Bashlor, I would reverse the ten-year sentence imposed, on appellant following the revocation of his probation as to the aggravated battery conviction and remand for resentencing in accordance with Poore and section 921.187.

. Clem v. State, 462 So.2d 1134 (Fla. 4th DCA1984); Whitchard v. State, 459 So.2d 439 (Fla. 3d DCA1984); Rodriguez v. State, 441 So.2d 1129 (Fla. 3d DCA1983), review denied, 451 So.2d 850 (Fla.1984).

. See Franklin v. State, 545 So.2d 851 (Fla.1989).