DIAMANTIS, Judge.
Alejandro Blowe appeals the denial of his rule 3.800 motion to correct an illegal sentence. We reverse.
Blowe pled guilty to the offense of attempted sexual battery.[1] A person who commits a sexual battery in violation of section 794.011(3), Florida Statutes (1989), is guilty of a life felony under the terms of that statute. Section 777.04(4)(b), Florida Statutes (1989), however, provides that a person who attempts to commit an offense which is a life felony .commits a second- *588 degree felony “punishable as provided in s. 775.082.”[2] Section 775.082(3)(c), Florida Statutes (1989), provides for a maximum term of 15 years imprisonment for a second-degree felony. The trial court, however, sentenced Blowe to a split sentence of 22 years, consisting of 12 years imprisonment followed by a term of 10 years probation. Blowe filed a motion to correct his sentence, arguing that the sentence was illegal because his attempted sexual battery conviction was a second-degree felony and not a first-degree felony as found by the trial court. The trial court denied the motion.
It is well settled that a sentence is illegal where “it exceeds (prison time plus the term of probation) the fifteen-year statutory maximum for [the] crime.” Ferguson v. State, 594 So.2d 864, 865 (Fla. 5th DCA1992). The state, on appeal, has properly conceded error. Accordingly, we reverse the trial court’s order and remand for resentencing.
REVERSED and REMANDED for re-sentencing.
GOSHORN and PETERSON, JJ., concur.

. §§ 777.04, 794.011(3), Fla.Stat. (1989).

. Because Blowe was not sentenced as an habitual offender, the mhximum 30-year sentence for a second-degree felony provided for in section 775.084(4)(a)(2), Florida Statutes (1989), is inapplicable.