OWEN, WILLIAM C., Jr., Senior Judge.
Defendant appeals the denial of his timely motion to withdraw his guilty plea. In denying the motion the trial court appropriately described it as “playing legal games with the court.” Nonetheless, the defendant, playing by the state’s rules and with the hand he was dealt, was entitled to withdraw his plea. We reverse.
Defendant was charged with dealing in stolen property, resisting arrest with violence, and two counts of burglary. The state announced its intention to seek habitual offender sanctions. Defendant entered a guilty plea as a result of a negotiated plea approved by the court. The court accepted the plea, entered judgments accordingly, and pursuant to the terms of the negotiated plea declared defendant to be a habitual violent felony offender,[1] and sentenced defendant to 30 years on each count to run concurrently. The court then stated “as of this time, I stay and suspend the execution of each sentence and place you on probation in the Sheriffs long term long track Drug Farm requiring that you enter and complete that program, obeying all of the rules and entering into a halfway house following the completion of the program and into [10 years] probation follow *1215 ing that.” Defendant did not file a direct appeal of his sentences.
In the latter part of 1997, affidavits of violations were filed and defendant admitted the violations. The court (now Judge Lupo) found him to be in violation of his probation and scheduled a sentencing hearing for November 6,1997, Before the sentencing hearing, defendant filed a “Motion To Correct Illegal Sentence and Vacate Violation of Probation.” Defendant’s motion argued that (1) the original sentences were illegal because they were unauthorized conditional suspended sentences which several district courts had held to be invalid. See State v. Davis, 657 So.2d 1224 (Fla. 5th DCA 1995); Gaskins v. State, 607 So.2d 475 (Fla. 1st DCA 1992), and (2) defendant could not be charged with violations of probation of an illegal sentence. See Jackson v. State, 654 So.2d 234 (Fla. 4th DCA 1995).
At the hearing, the state took the position that defendant had waived the issue regarding the prior sentences by not timely appealing the sentence. The court stated:
To avoid the issue on appeal, I will grant the Motion to correct the illegal sentence.[2] I vacate the violation of probation. Let’s hold a sentencing hearing on the original issues.
(Emphasis supplied).
After a further colloquy with counsel, the court stated:
Let me be clear, for the record, what I did. I vacated the sentence imposed by Judge Mounts, to avoid the issue on appeal and incur additional litigation in the case. Judge Mounts did label Mr. Holmes a habitual felony offender. [Mr. Holmes] agreed then and he agrees today that he is, under the statute, a habitual felony offender. Judge Mounts was sentencing him for a plea straight-up to the judge_ The violation of probation has been vacated, since the Court finds that the sentence imposed by Judge Mounts was illegal. So, we are back ... ¡for] sentencing .... Everybody’s in the same place?
(Emphasis supplied). The court, apparently unaware that the plea was negotiated, then sentenced defendant as a habitual felony offender to 30 years concurrent on each of the three second degree felonies and 5 years concurrent on the third degree felony.
A week thereafter, defendant filed a motion to withdraw his guilty plea, arguing that he had entered the plea with the understanding of an agreement with the court for suspended sentences and drug treatment and, since the 30 year concurrent sentences violated that agreement, he was entitled to withdraw his plea. The trial court denied the motion, finding that defendant was playing legal games, that the motion was untimely, and that defendant had waived his ability to vacate his plea after being sentenced pursuant to his own request.
While we do not disagree with the trial court’s description of defendant’s motion as “playing legal games with the court,” we conclude that his position is sound. Though the court was under the impression defendant’s plea was an open plea to the court, the record confirms that the plea was made on negotiated terms. The Florida Supreme Court has held that “when there has been a firm agreement for a specified sentence and the judge determines to impose a greater sentence, the defendant has the right to withdraw the plea.” Goins v. State, 672 So.2d 30 (Fla.1996). That is precisely the situation in this case. After the court vacated the original sentence and the violation of probation, the matter was back to square one, i.e., the defendant was before the court for sentencing on a negotiated plea. At that point, the court could either accept the plea and impose the agreed sentence, or the court could inform the defendant that the terms of the negotiated plea were not acceptable to the court, in which event the defendant must be afforded the opportunity to withdraw the plea. The court did neither. As to the matter of timeliness, the motion was filed within 30 days of the rendition of the sentence, Fla.R.Crim.P. 3.170(1), it being recalled that the original sentence was vacated. Finally, the defendant did not waive his right to withdraw the plea simply because, at sen *1216 tencing, he requested to be sentenced to further treatment for his addiction.
The trial court characterized the sentence initially imposed on defendant by Judge Mounts as illegal, but it was not because it did not exceed the statutory maximum. See State v. Callaway, 658 So.2d 983 (Fla.1995). It was, however, the type of split sentence that had been held invalid in several cases. See Davis; Gaskins. On the state of the law as it existed at that time, the trial court could not have been faulted in viewing the sentence as invalid.[3] Even so, an invalid sentence, as opposed to an illegal sentence, would not have supported defendant’s claim that the probation was improper where defendant had enjoyed the benefits of probation. See Bashlor v. State, 586 So.2d 488 (Fla. 1st DCA 1991).[4] Thus, had the trial court denied the defendant’s Motion to Correct Illegal Sentence and Vacate Violation of Probation, it then could have revoked defendant’s probation (on the basis of the admitted violations) and imposed the suspended sentences under the terms of the original plea. This is not what the court did.
The judgments and sentences are severally reversed and this cause is remanded to the trial court with directions to either accept the negotiated plea in accordance with its terms, or allow the defendant the opportunity to withdraw his plea.
REVERSED AND REMANDED.
GUNTHER and WARNER, JJ., concur.

. The violent status was erroneous and later removed.

. The state did not cross-appeal this ruling by the trial court.

. Certainly the trial court could not have foreseen that, within two weeks thereafter, the supreme court would issue its opinion in State v. Powell, 703 So.2d 444 (Fla.1997), upholding the validity of a split sentence in which the entire period of incarceration is suspended, and disapproving Davis and Gaskins to the extent they were inconsistent with such holding.

. The state argues that Bashlor v. State, 586 So.2d 488 (Fla. 1st DCA 1991), precludes defendant from complaining of his sentence here. The problem with that argument is that defendant is not challenging the legality of a sentence imposed following revocation of probation. There was no revocation of probation here. Rather, both the violation of probation and the sentence imposing probation were vacated. Defendant is appealing the court's denial of his motion to withdraw his plea.