962 So.2d 341 (2007)
Pat CRITELLI, Appellant,
v.
STATE of Florida, Appellee.
No. 5D06-1042.
District Court of Appeal of Florida, Fifth District.
June 22, 2007.
Rehearing Denied August 10, 2007.
*342 James S. Purdy, Public Defender, and Rebecca M. Becker and Michael S. Becker, Assistant Public Defenders, Daytona Beach, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Carlos A. Ivanor, Jr. and Brigid E. Collins, Assistant Attorney Generals, Daytona Beach, for Appellee.
ORFINGER, J.
In 1989, Pat Critelli pled nolo contendere to four counts of sexual activity with a minor, was adjudicated guilty, and then sentenced to prison followed by probation. Upon Mr. Critelli's release from prison, at his request, his probation was transferred from Florida to Colorado under the Interstate Compact for Adult Offender Supervision (the "Interstate Compact"), sections 949.07 and 949.08, Florida Statutes (2005). In his application for transfer to Colorado, Mr. Critelli agreed in relevant part:
I understand that the fact that supervision will be in another state makes it likely that there will be certain differences between the supervision I would receive in Florida and the supervision which I will receive in any state to which I am asking to go. . . . I do hereby accept such differences in the course and character of supervision as may be provided, and I do state that I consider the benefits of supervision under the Compact to be worth any adjustments in my situation which may be occasioned.
. . . .
6. Failure to comply with the above will be deemed to be a violation of the terms and conditions of supervision for which I may be returned to the State of Florida.
As a condition of accepting Mr. Critelli's application, Colorado required, and Mr. Critelli accepted, several additional conditions not included in his Florida probation order (the "Colorado conditions"). The Colorado conditions included the requirement that Mr. Critelli "submit . . . to any program of psychological or physiological assessment and monitoring at the direction of the probation officer or treatment provider. This includes the polygraph, plethysmograph ["PPG"] and/or the Abel Screen to assist in treatment, planning and case monitoring." Mr. Critelli was also required to submit a DNA sample.
Near the end of his probationary term, the Colorado authorities, believing that Mr. Critelli had failed to abide by the Colorado conditions, submitted a violation report to the Florida court, and a violation of probation proceeding commenced. After the trial court concluded that Mr. Critelli had violated his probation by failing to abide by the Colorado conditions, his probation was revoked and he was resentenced to prison.
On appeal, Mr. Critelli contends that (1) because the Colorado conditions were not *343 a part of his original probation order, he could not be violated based on those conditions; (2) alternatively, the only penalty for violating the Colorado conditions was to be returned to Florida; and (3) there was no evidence that he willfully and substantially violated his probation. Finding no merit to Mr. Critelli's claims, we affirm.[1]
Mr. Critelli first argues that while Colorado was entitled to place additional conditions on him under the Interstate Compact, because those additional conditions were not orally pronounced at sentencing and made a part of his Florida probation order, his violation of the Colorado conditions is simply a breach of contract with Colorado, not a violation of his probation. We agree that generally, every sentence that imposes conditions of probation must be orally pronounced in open court. State v. Hart, 668 So.2d 589, 591-92 (Fla.1996); see Fla. R.Crim. P. 3.700(b). However, in this case, Mr. Critelli asked to have his probation transferred to Colorado. Colorado conditioned its acceptance on his agreement to the Colorado conditions. We view this as a voluntary modification of his probation. Mr. Critelli signed an Interstate Compact application under which he agreed to abide by both Florida's and Colorado's conditions of probation. There can be no doubt that Mr. Critelli was fully aware of the conditions of his probation added by Colorado and had the opportunity to object to those conditions. If Mr. Critelli did not wish to abide by the Colorado conditions, he did not have to sign the Interstate Compact and could have remained in Florida.
More significantly, Mr. Critelli contends that the only penalty for a violation of the Colorado conditions was to return him to Florida, not the revocation of his probation. Mr. Critelli points to his application for transfer of probation to Colorado, which states, "Failure to comply with the above will be deemed to be a violation of the terms and conditions of supervision for which I may be returned to the State of Florida."
Section 949.07, Article XIV(2)(a), Florida Statutes (2005), provides: "All lawful actions of the Interstate Commission, including all rules and by-laws adopted by the Interstate Commission, are binding on the compacting states." The Interstate Commission for Adult Offender Supervision Rules[2] state:
RULE 4.103-1 Effect of special conditions or requirements
For purposes of revocation or other punitive action against an offender, the probation or paroling authority of a sending state shall give the same effect to a violation of special conditions or requirement imposed by a receiving state as if those conditions or requirement had been imposed by the sending state. Failure of an offender to comply with special conditions or additional requirements imposed by a receiving state shall form the basis of punitive action in the sending state notwithstanding the *344 absence of such conditions or requirements in the original plan of supervision issued by the sending state. For purposes of this rule, the original plan of supervision shall include, but not be limited to, any court orders setting forth the terms and conditions of probation, any orders incorporating a plan of supervision by reference, or any orders or directives of the paroling or probation authority.
Interstate Comm'n for Adult Offender Supervision (Jan. 1, 2007) at 37, available at http://www. interstatecompact.org/about/history/ historical/ICAOS_Rules.pdf (emphasis added). This rule clearly refutes Mr. Critelli's argument. Further, Mr. Critelli should not be able to accept the benefits of his transfer to Colorado, and then fail to carry out the required conditions. See Bashlor v. State, 586 So.2d 488, 489 (Fla. 1st DCA 1991) ("Absent some jurisdictional flaw, Florida courts have repeatedly held that sentences imposed in violation of statutory requirements, which are to the benefit of the defendant and to which he agreed, may not be challenged after the defendant has accepted the benefits flowing from the plea, but has failed to carry out the conditions imposed on him.").
Finally, Mr. Critelli argues that the evidence failed to show that he willfully and substantially violated his probation. Having carefully reviewed the record, we disagree. The record contains competent substantial evidence that Mr. Critelli violated the Colorado conditions, which resulted in a violation of his Florida probation.
AFFIRMED.
MONACO and EVANDER, JJ., concur.
NOTES
[1] We note that Mr. Critelli's argument that the Colorado conditions were not a part of his original probation order, and therefore, the only penalty for violating those conditions was to be returned to Florida, was not raised below. Hence, it was not preserved and generally cannot be addressed for the first time on appeal. Farinas v. State, 569 So.2d 425, 429 (Fla.1990) (holding "absent fundamental error, an issue will not be considered for the first time on appeal"). We elect not to do a fundamental error analysis because for the reasons explained hereafter, Mr. Critelli's argument fails on the merits.
[2] Florida is a participant of the Interstate Commission for Adult Offender Supervision. § 949.07, Fla. Stat. (2005). Florida Administrative Code, Chapter 23-4, contains general terms outlining Florida's participation in the Interstate Compact for Parole and Probation Supervision.