DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ROBERT TROTTMAN,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D20-2717

[June 8, 2022]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Charles A. Schwab, Judge; L.T. Case No. 56-2000-CF-002836-A.

Jason T. Forman of the Law Offices of Jason T. Forman, Fort Lauderdale, and Charles G. White of Charles G. White, P.A., Miami, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Luke R. Napodano, Assistant Attorney General, West Palm Beach, for appellee.

DAMOORGIAN, J.

Robert Trottman ("Defendant") appeals his sentence of forty years in prison, followed by lifetime sex offender probation, imposed after revocation of probation. We reverse the probationary portion of Defendant's sentence only to the extent it exceeds the statutory maximum.

By way of background, in 2000, Defendant was charged with one count of burglary of a dwelling while armed and one count of sexual battery with great force of a person over the age of twelve. The charges stemmed from acts which Defendant committed in December 1991. Defendant entered a negotiated plea of guilty, in which he would receive concurrent sentences of twenty-five years in prison followed by lifetime sex offender probation that included a condition of electronic monitoring. Upon Defendant's release from prison in 2012, he violated the conditions of his probation on three separate occasions, which ultimately led to revocation of his probation in 2020 at issue here.

On appeal, Defendant argues: (1) his probationary sentence exceeds the statutory maximum; (2) he could not be placed on sex offender probation in the first place as the sexual battery occurred in 1991 and section 948.30, Florida Statutes, the statute which sets forth standard conditions of probation for specified sex offenses, was not enacted until 1995; (3) electronic monitoring as a condition of probation for an offense committed in 1991 was an ex post facto violation; (4) the trial court's imposition of two-cell bumps, for Defendant's prior electronic monitoring probation violations, could not be imposed because that condition of probation was unlawfully imposed; and (5) his sentence violates the Eighth Amendment.

We reverse solely on the first issue. At the time Defendant committed the sexual battery offense, which is a life felony offense, section 775.082(3)(a), Florida Statutes (1991), provided that the punishment for a life felony committed after October 1, 1983 was "a term of imprisonment for life <u>or</u> by a term of imprisonment not exceeding forty years." (emphasis added). Therefore, as properly conceded by the State, Defendant's sentence of forty years in prison followed by lifetime sex offender probation exceeded the statutory maximum. *See Owens v. Flowers*, 286 So. 3d 346, 347 (Fla. 5th DCA 2019) (holding that "when the trial court imposed the forty-year sentence followed by fifteen years of probation, the probationary portion of the sentence was illegal ab initio because it exceeded the statutory maximum"); *Ward v. State*, 558 So. 2d 166, 167 (Fla. 1st DCA 1990) ("[O]nce the trial judge sentences a defendant under section 775.082(3)(a) to a term of years as opposed to a term of imprisonment for life, the total sentence, including any probationary period, must not exceed 40 years."). We therefore reverse the portion of Defendant's sentence placing him on probation for life, and remand with instructions that the trial court remove the probationary portion of Defendant's sentence while leaving intact the prison portion of the sentence, as requested by Defendant. *See, e.g., Cosme-Sella v. State*, 301 So. 3d 254, 256 (Fla. 4th DCA 2020) (remanding with directions to reduce the illegal thirty-two-year sentence to a thirty-year sentence, as requested by defendant).

We affirm on all other issues without further comment. *See Gaskins v. State*, 607 So. 2d 475, 476 (Fla. 1st DCA 1992) ("Existing case law recognizes that once a defendant has enjoyed the benefits of probation without challenging the legality of sentence, the defendant is thereafter precluded from complaining that the sentence is illegal in an appeal from an order revoking probation."), *disapproved on other grounds, State v. Powell*, 703 So. 2d 444 (Fla. 1997); *Bashlor v. State*, 586 So. 2d 488, 489 (Fla. 1st DCA 1991) ("Absent some jurisdictional flaw, Florida courts have repeatedly held that sentences imposed in violation of statutory

requirements, which are to the benefit of the defendant and to which he agreed, may not be challenged after the defendant has accepted the benefits flowing from the plea, but has failed to carry out the conditions imposed on him.").

*Affirmed in part, reversed in part, and remanded.*

CONNER, C.J., and CIKLIN, J., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***