COBB, Judge.
Wilson appeals the sentencing disposition in two lower court cases. In 1989, Wilson was convicted of aggravated battery in Case No. 88-8279 and received a departure sentence of five years incarceration followed by five years probation. Wilson was released from prison and while on probation was charged with unlawful possession of cocaine in Case No. 91-337. Wilson pled nolo contendere to the subsequent offense and the violation of probation. A new scoresheet was prepared with the possession of cocaine conviction scored as the primary offense. This scoresheet reflected a recommended range of any non-state prison sanction. Wilson was recommitted to prison for ten years with credit for time previously served and unforfeited gain time on the aggravated battery conviction. For the possession of cocaine conviction, Wilson was sentenced to a concurrent five year term of incarceration with credit for 157 days. The trial court listed four departure reasons.
Wilson claims that the trial court erred in imposing departure sentences for the aggravated battery and possession of cocaine convictions. Although the trial court prepared a departure order for both cases, it was not necessary to provide new departure reasons for the aggravated battery conviction. Wilson previously received a departure sentence for that offense, which was affirmed on appeal. The concurrent five year departure sentence for the possession of cocaine conviction, if error, is harmless because it would not extend beyond the completion of the valid ten-year sentence. Cf Cooper v. State, 539 So.2d 508, 511 (Fla. 1st DCA 1989), review denied, 548 So.2d 662 (Fla.1989).
AFFIRMED.
DAUKSCH and HARRIS, JJ., concur.