PATTERSON, Judge.
Defendant appeals the sentences that the trial court imposed upon revocation of his probation for various offenses. We reverse and remand for resentencing.
Defendant first challenges the ha-bitualized sentence he received upon his conviction for purchase of cannabis, a third-degree felony, after revocation of probation for that offense. He argues that the requisite prior record for habitualization is lacking. We agree under the facts of this case.
Defendant was originally placed on habitu-alized probation for the purchase of cannabis offense, which he committed on August 24, 1989. The trial court at that time also continued him on probation for three other third-degree felonies (two burglaries and a grand theft) he had committed years earlier, in 1977. His prior record additionally includes a 1980 robbery in Georgia, for which he admitted serving nine years in prison.
Though defendant violated his probation for his 1977 offenses on several occasions in the past, he was always placed back on probation. However, after violating his probation in 1990 for both the 1977 and 1989 offenses, the trial court imposed prison sentences for the first time, including a habitual-ized sentence for his purchase of cannabis conviction. It is these sentences that defendant appeals.
At the onset we note that nothing in the record indicates whether defendant’s habitu-alized sentence is for nonviolent or violent habitualization. While the lack of any mention of a mandatory minimum sentence strongly suggests nonviolent habitualization, we will address the propriety of both types of habitualization since both are at issue in this case.
We conclude that defendant does not qualify for treatment as a habitual violent felony offender as a result of his 1980 Georgia robbery conviction. The purchase of cannabis offense was committed on August 24, 1989 and out-of-state convictions cannot be used to habitualize an offense committed before May 2, 1991 under section 775.084(l)(e). State v. Johnson, 616 So.2d 1 (Fla.1993) (window period for attacking chapter 89-280, Laws of Florida, as violative of single-subject rule runs from the effective date October 1, 1989 to May 2, 1991, the date of reenactment).
We also conclude that defendant does not qualify for treatment as a habitual nonviolent felony offender. As we will will explain, defendant’s 1977 crimes cannot properly be relied upon as prior felonies.
Nonviolent habitualization requires two or more prior felonies. § 775.084(l)(a)l, Fla. Stat. (1989). This requirement is satisfied in this case. However, it is also required that
[t]he felony for which the defendant is to be sentenced was committed within 5 years of the date of the conviction of the last prior felony or other qualified offense of which he was convicted, or within 5 years of the defendant’s release, on parole or otherwise, from a prison sentence or other commitment imposed as a result of a prior conviction for a felony or other qualified offense, whichever is later[.]
§ 775.084(l)(a)2.
Defendant argues that his 1977 crimes cannot serve as a proper basis for habitualizing his 1989 conviction for purchase of cannabis. He notes that they were committed more than five years before the 1989 conviction and that until the 1991 sentencing, he never served any prison time for them but was merely kept on probation after the occasions on which he violated it. He specifically contends that his habitualization was improper because under section 775.084(l)(a)2, the five-year limit has been exceeded, pointing out that he might have been illegally continued on probation in 1989 for the 1977 offenses.
We conclude that defendant is correct. Third-degree felonies have five-year statutory máximums, and he is entitled to credit for time already served on probation for these offenses. See Summers v. State, 626 So.2d 876 (Fla. 2d DCA 1993) (en banc). While it is true that he did not at the time challenge what appears to have been an illegal imposition of probation in 1989 for his 1977 of *278 fenses, he is less challenging that imposition in itself than as an underlying basis for habit-ualization of an altogether different offense, his 1989 purchase of cannabis.
We also conclude that King v. State, 373 So.2d 78 (Fla. 3d DCA), cert. denied, 383 So.2d 1197 (Fla.1979) (defendant not entitled to accept benefit of probation imposed for an offense and later challenge propriety of that probation upon its revocation) does not call for a different result. The rationale of King is that when a defendant accepts the benefit of an illegal placement on probation when the proper sentence called for mandatory prison time, he is precluded from later challenging on estoppel grounds the legality of that probation upon its revocation. However, in the instant case defendant cannot be said to have benefited from the illegality of his placement on probation in 1989 for his 1977 offenses, as it appears that that placement violated the statutory maximum. Summers.
Defendant suggests that because it is impossible to determine from the record just how much time he has actually served on probation for the 1977 offenses, an evidentia-ry hearing should be held to determine the amount of credit to which he is entitled. We agree and direct the court on remand at resentencing to make that determination.
Defendant next challenges the overall structure of his sentence, arguing that the trial court imposed an illegal interrupted sentencing scheme. At the sentencing hearing, the trial court sentenced him as follows:
The three 77s, I sentence him to two-and-a-half concurrent followed by two-and-a-half probation on the grand theft. Three years’ probation on the burglaries.[1] On 89-13813, I sentence him to ten years consecutive as a habitual offender. 364 consecutive on the misdemeanor. He will do the first three regular time; the 89 as a habitual.
[[Image here]]
The probation runs consecutive to the jail time but concurrent.
(Emphasis added.) The written dispositions are consistent with the court’s oral pronouncements. We conclude that the court’s sentencing scheme impermissibly sandwiches terms of probation on the 1977 crimes between prison sentences for the 1977 crimes and the habitualized prison sentence for the 1989 crime. See Sanchez v. State, 538 So.2d 923 (Fla. 5th DCA 1989); Massey v. State, 389 So.2d 712 (Fla. 2d DCA 1980). Accordingly, we direct the trial court on remand to consider an alternative disposition.
As in Summers, we certify to the supreme court the following as a question of great public importance:
MUST A TRIAL COURT, UPON REVOCATION OF PROBATION, CREDIT PREVIOUS TIME SERVED ON PROBATION TOWARD ANY NEWLY-IMPOSED TERM OF PROBATION SO THAT THE TOTAL PROBATIONARY TERM IS SUBJECT TO THE STATUTORY MAXIMUM FOR A SINGLE OFFENSE?
Reversed and remanded for resentencing.
DANAHY, AC.J., and BLUE, J., concur.

. Defendant also argues that his probationary split sentences for his three 1977 offenses exceed the statutory maximum. He notes that the sentences for two of them, 77-5276 and 77-6997, are illegal on their face as they impose a total of 5½ years and the applicable statutory maximum is only five years. Reversal is required for this reason alone.