629 So.2d 281 (1993)
Joseph L. SMITH, Appellant,
v.
STATE of Florida, Appellee.
No. 93-520.
District Court of Appeal of Florida, Fifth District.
December 17, 1993.
James B. Gibson, Public Defender, and S.C. Van Voorhees, Asst. Public Defender, Daytona Beach, for appellant.
*282 Robert A. Butterworth, Atty. Gen., Tallahassee, and Barbara Arlene Fink, Asst. Atty. Gen., Daytona Beach, for appellee.
PETERSON, Judge.
Joseph L. Smith was on probation in three cases, 90-2062, 90-2238 and 90-2239, when he committed three new crimes. At sentencing, one scoresheet was used to score all six cases. The three new cases resulted in convictions and sentences as a habitual felony offender; we affirm those.
The State concedes that the use of a new scoresheet to sentence Smith on the three cases enumerated above was error. Holloman v. State, 600 So.2d 522 (Fla. 5th DCA 1992); see also Parrish v. State, 617 So.2d 1170 (Fla. 5th DCA 1993). It argues, however, that the error is harmless because Smith received no more than 15 years on the violation of probation cases and he could have received 21 years (consecutive sentences of seven years, the maximum permitted range with a bump-up in each of the three cases). The sentences actually received upon violation of probation were five years in 90-2238, 15 years in 90-2239 and 15 years in 90-2062, all sentences to be served concurrently with credit for time served. While the sentence in 90-2238 was within the seven year guideline, the sentences in the other two cases were not and the sentences must be vacated. See Branam v. State, 554 So.2d 512 (Fla. 1990) (all sentences should reflect, or attempt to reflect, the guidelines as closely as possible unless valid reasons for departure are found).
The State also argues that the sentences imposed in the violation of probation cases are subsumed by the larger habitual felony offender sentences and any violation of the guidelines should be overlooked as harmless error. See Wilson v. State, 595 So.2d 1102 (Fla. 5th DCA 1992) (departure sentence concurrent with legal sentence affirmed even though may be erroneous; error harmless since sentence would not extend beyond concurrent valid sentence). The problem with that view is that because of the many attacks upon convictions and sentences in Florida made possible by the complexity of the system, ultimately, shorter sentences may not be subsumed by the larger. The error can now be corrected while the focus is upon them.
All convictions are affirmed; the sentences in all lower court cases except for cases numbered 90-2062 and 90-2239 are also affirmed. The sentences in 90-2062 and 90-2239 are vacated and remanded for sentencing based upon the original scoresheets prepared in those cases with consideration given for appropriate "bump-ups" for violation of probation.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
HARRIS, C.J., and DAUKSCH, COBB, W. SHARP, GOSHORN, GRIFFIN, DIAMANTIS and THOMPSON, JJ., concur.