672 So.2d 634 (1996)
Clarence Eugene HUFF, Appellant,
v.
STATE of Florida, Appellee.
No. 95-2666.
District Court of Appeal of Florida, First District.
April 26, 1996.
*635 Clarence Eugene Huff, Pro Se.
Nancy A. Daniels, Public Defender, and P. Douglas Brinkmeyer, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General, and James W. Rogers, Senior Assistant Attorney General, Department of Legal Affairs, Tallahassee, for Appellee.
PER CURIAM.
This Anders appeal arises from an order of the lower court finding Appellant in violation of his probation and community control.[1] We affirm the finding that Appellant violated Condition 11 of his community control by failing to be at his approved residence. We reverse, however, the finding that Appellant violated probation in lower court case 94-4723. The record before us does not indicate whether the State charged or proved a violation of the conditions of Appellant's probation, as opposed to community control. Therefore, on remand, the trial court shall reconsider the finding of violation of probation.
As to Appellant's sentence for aggravated battery, we hold that although his original suspended sentence may have been improper under Poore v. State, 531 So.2d 161 (Fla.1988), it is not reversible on this appeal because Appellant has already received the benefits of the improper sentence. Gaskins v. State, 607 So.2d 475 (Fla. 1st DCA 1992). Nevertheless, we must reverse and remand because we are unable to determine from the record whether Appellant was credited with time served on community control under the rule stated in Warrington v. State, 660 So.2d 385 (Fla. 5th DCA 1995). On remand, the trial court shall determine and state on the record the amount of credit for time served on community control.
AFFIRMED IN PART, REVERSED AND REMANDED IN PART.
BOOTH, JOANOS and VAN NORTWICK, JJ., concur.
NOTES
[1] Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).