689 So.2d 1089 (1997)
Leonard STROBLE, Appellant,
v.
STATE of Florida, Appellee.
No. 96-3427.
District Court of Appeal of Florida, Fifth District.
January 14, 1997.
On Motion for Rehearing March 7, 1997.
Leonard Stroble, Mayo, pro se.
No appearance for Appellee.
PER CURIAM.
AFFIRMED.

ON MOTION FOR REHEARING
HARRIS, Judge.
Leonard Stroble has asked for a rehearing on our previous Per Curiam Affirmance. He suggests that we ignored the fact that his original sentence was one not authorized by Poore v. State, 531 So.2d 161 (Fla.1988). We did not ignore this fact; we merely conclude that it makes no difference.
In 1990, Stroble was sentenced as an habitual offender but this sentence was suspended provided he successfully serve a term on community control. This sentence was not appealed. He was alleged to have violated his community control twice in 1991. The first violation was dismissed; on the second, he was sentenced to ten years imprisonment. We affirmed this sentence in Stroble v. State, 602 So.2d 541 (Fla. 5th DCA 1992).
In this Rule 3.800(a) motion, Stroble again attacks the legality of his original sentence. He made a similar attack in a previous Rule 3.800(a) motion which was denied by the trial court and not appealed. An issue previously reviewed on the merits and rejected is barred from reconsideration by the doctrine of the law of the case. Raley v. State, 675 So.2d 170 (Fla. 5th DCA 1996).
*1090 Another reason for affirming the trial court is that although the original sentence was not authorized by Poore, Stroble accepted the benefits of the sentence without objection and complained only after violating the terms of his "illegal" community control. We held in Warrington v. State, 660 So.2d 385 (Fla. 5th DCA 1995), that one who takes advantage of an invalid sentence until he violates community control is estopped to assert the invalidity of his original sentence.
With this explanation, Stroble's Motion for Rehearing is denied.
PETERSON, C.J., and THOMPSON, J., concur.