692 So.2d 988 (1997)
Robert John QUINN, Appellant,
v.
STATE of Florida, Appellee.
No. 96-2355.
District Court of Appeal of Florida, Fifth District.
May 2, 1997.
James B. Gibson, Public Defender, and Dan D. Hallenberg, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Robin A. Compton, Assistant Attorney General, Daytona Beach, for Appellee.
THOMPSON, Judge.
Robert Quinn appeals his judgments and sentences in case numbers 95-2206-CF-A-Y (1995 case), and 96-1426-CF-C-Z (1996 case). We affirm the convictions and the sentence in the 1996 case, but we vacate the sentence in the 1995 case and remand for resentencing.
Quinn entered pleas of nolo contendere to all counts in the two cases and was adjudicated guilty. Two separate sentencing guideline scoresheets were presented to the trial court, one for the 1995 case and one for the 1996 case, pursuant to section 921.0014(3), which states in pertinent part:
... if the defendant is before the court for sentencing for more than one felony and the felonies were committed under more than one version or revision of the guidelines, separate scoresheets must be prepared pursuant to s. 921.001(4)(b).
§ 921.0014(3), Fla. Stat. (1995). The scoresheet for the 1995 case yielded a maximum sentence of 21.25 months in the Department of Corrections whereas the maximum sentence for the 1996 case was 46.75 months. The trial court sentenced Quinn to 36 months on each count in both cases with the sentences to run concurrently with credit for time served. This was error.
Section 921.001(4)(b)4 reads:
When a defendant is before the court for sentencing for more than one felony and the felonies were committed under more than one version or revision of the guidelines, each felony shall be sentenced under the guideline in effect at the time the particular felony was committed.
§ 921.001(4)(b)4, Fla. Stat. (1995). Thus, the trial court was required to receive two scoresheets and impose a guidelines sentence pursuant *989 to each scoresheet. Accordingly, Quinn could be sentenced to no more than 21.25 months in the 1995 case.
The state argues that since the 1995 sentence would not extend beyond the completion of the 36 months imposed in the 1996 case, any error was harmless because the correct 1995 sentence would be subsumed in the greater 1996 valid sentence. We disagree. This issue was addressed in Smith v. State, 629 So.2d 281 (Fla. 5th DCA 1993) (en banc), in which we stated:
The problem with that [harmless error] view is that because of the many attacks upon convictions and sentences in Florida made possible by the complexity of the section, ultimately shorter sentences may not be subsumed by the larger. The error can now be corrected while the focus is upon them.
Id. at 282. Cf. Johnson v. State, 679 So.2d 882 (Fla. 5th DCA 1996).
Accordingly, we affirm all of Quinn's convictions and the sentence in the 1996 case, but we vacate the sentence in the 1995 case and remand for imposition of a proper guidelines sentence.
AFFIRMED IN PART; SENTENCE VACATED IN PART; and REMANDED.
PETERSON, C.J., and HARRIS, J., concur.