762 So.2d 927 (2000)
STATE of Florida, Appellant,
v.
Cresandra WHITE, Appellee.
No. 2D99-140.
District Court of Appeal of Florida, Second District.
April 14, 2000.
Rehearing Denied June 9, 2000.
Robert A. Butterworth, Attorney General, Tallahassee, and Dale E. Tarpley, Assistant Attorney General, Tampa, for Appellant.
James Marion Moorman, Public Defender, and Allyn M. Giambalvo, Assistant Public Defender, Bartow, for Appellee.
NORTHCUTT, Judge.
Cresandra White pleaded no contest to a charge that she sold cocaine in September 1998. At the same time, she admitted violating community control, which had been imposed for the crimes of sale and possession of cocaine committed in April *928 1997. The court placed her on two years' community control, to be followed by two years' probation, with the community control rolling over to probation after she completed a residential drug treatment program. The State contends this sentence violated the guidelines, or was an improper downward departure. We reverse and remand for resentencing.
At the time of White's 1997 offenses, the guidelines permitted a downward departure sentence if the defendant required specialized treatment for addiction and was amenable to treatment. See § 921.0016(4)(d), Fla. Stat. (Supp.1996). That section was amended, effective for crimes committed after June 30, 1997, to authorize a mitigation based on treatment for a mental disorder only if it "is unrelated to substance abuse or addiction." See Ch. 97-194, § 41, 43, at 3278, Laws of Fla.; § 921.0014(4)(d), Fla. Stat. (1997). At the sentencing hearing in this case, White claimed this amendment was a "revision" of the guidelines that necessitated the use of separate scoresheets for her 1997 and 1998 crimes under section 921.0014(3), Florida Statutes (1997). That section states:
(3) A single guidelines scoresheet shall be prepared for each defendant, except that if the defendant is before the court for sentencing for more than one felony and the felonies were committed under more than one version or revision of the guidelines, separate scoresheets must be prepared pursuant to s. 921.001(4)(b).
See also Fla. R.Crim. P. 3.703(d)(3).
The State argued that the court should use one scoresheet. Using a single scoresheet, White's total sentence points equaled 54. When a defendant's total or increased sentence points exceed 52, the court must impose a state prison sentence. See § 921.0014(2), Fla. Stat. (1997). But when the 1997 and 1998 offenses were separated onto two scoresheets, neither totaled more than 52 points. The circuit court agreed with White, and calculated her sentence using two scoresheets. It imposed community control, a proper non state prison sanction under the points reflected.
On appeal, the State renews its argument that White's sentence should have been calculated on one scoresheet. White's counsel concedes error based on Dillard v. State, 728 So.2d 725 (Fla.1999), but we do not believe Dillard answers the question posed in this appeal. While Dillard makes clear that the 1983 guidelines and the 1994 guidelines are different "versions" for purposes of section 921.0014(3), it does not address the question of whether the "revisions" to the 1994 guidelines would require separate scoresheets.
Even the State admits that it would probably be necessary to prepare two scoresheets if the defendant committed one felony during the time the 1994 guidelines applied, and another felony after the effective date of the 1995 revisions to those guidelines. See Quinn v. State, 692 So.2d 988 (Fla. 5th DCA 1997) (explaining that two scoresheets must be used when a defendant is being sentenced for two crimes, one committed in 1995 and the other in 1996).[1] We agree. A defendant's total sentence points, and thus her potential sentence, could vary considerably depending on which of those two scoresheets was used. For example, if a defendant's crime involved sexual contact, under the 1994 guidelines 18 additional points would be added to the total. See § 921.0014(1), Fla. Stat. (1993). In the 1995 revision, the "sexual contact" points were increased to 40. See § 921.0014(1), Fla. Stat. (1995).
Florida courts have long held that a defendant must be sentenced under the *929 guidelines in effect at the time of the crime. See State v. Miller, 512 So.2d 198 (Fla.1987). Thus, if our hypothetical defendant violated probation imposed for a 1994 crime involving sexual contact by committing a new crime on or after October 1, 1995, the effective date of the 1995 guidelines revision, she could not be assessed 40 points for the 1994 crime at sentencing. Instead, she could only be assessed 18 points under the guidelines in effect at the time of her crime. The differences between the 1994 guidelines and the 1995 revision mandate that two separate scoresheets be used to calculate the hypothetical defendant's sentence.
The situation before us substantially differs from that scenario. While the 1995 amendments made substantial changes in the guidelines, the 1997 amendments did not. In fact, the only change of any significance in 1997 was the removal of the mitigating factor addressing addiction. The sentencing point scheme from the 1995 revision remained essentially intact. We do not believe the 1997 amendments constituted a "revision" under section 921.0014(3). Accordingly, we hold that only one scoresheet should have been prepared to compute White's sentence.
This holding does not end the discussion, however. As previously noted, a defendant has the right to be sentenced under the guidelines in effect at the time of the crime. Because White is being sentenced for a crime committed in April 1997, her rights include having the court consider whether her sentence should be mitigated because she requires specialized treatment for drug addiction and is amenable to treatment. See § 921.0016(4)(d), Fla. Stat. (Supp.1996). At White's sentencing, evidence was presented about her addiction and her acceptance into a drug rehabilitation program. We reverse the sentence imposed and remand to the circuit court for resentencing using one scoresheet to calculate White's guidelines sentence. The court may also consider whether it wishes to impose a downward departure sentence.
WHATLEY, A.C.J., and GREEN, J., Concur.
NOTES
[1] The opinion in Quinn v. State, 692 So.2d 988 (Fla. 5th DCA 1997), did not set out the actual dates of the crimes. It is not clear whether the Fifth District was discussing the difference between the 1994 guidelines and the 1995 revision, or the difference between the 1995 revision and the 1996 amendments. We agree with Quinn if it addresses the 1994 and 1995 versions.