771 So.2d 1245 (2000)
Roy Lee ALLEN, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-95.
District Court of Appeal of Florida, Second District.
November 8, 2000.
James Marion Moorman, Public Defender, Bartow, and Kevin Briggs, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Dale E. Tarpley, Assistant Attorney General, Tampa, for Appellee.
DAVIS, Judge.
Allen challenges the forty-year sentence imposed when he violated his probation for attempted first-degree murder. Because the trial court sentenced Allen in excess of the statutory maximum and used an incorrect scoresheet to do it, we reverse and remand for resentencing within the correct guidelines.
The State's amended information charged Allen as follows: Count Iburglary with a battery; Count IIarmed robbery (with a tire iron); Counts III & IVtwo counts of attempted first-degree murder (also with a tire iron). The offenses occurred on June 11, 1986. At Allen's original sentencing, the trial court sentenced him to twenty years' incarceration, concurrent, on counts I through III, and to five years' probation on Count IV. When Allen violated his probation in 1993, the trial court revoked his probation and placed him on two years' community control, followed by fifteen years' probation.
In June 1999, he violated his probation, and the trial court sentenced him to forty years' incarceration, with credit for time served. At that revocation hearing, the *1246 State and the defense agreed that the trial court had used the wrong scoresheet at the original sentencing in 1987. The State argued that, after considering Allen's violation of probation, the "correct" 1991 scoresheet allowed a permitted range of seventeen to forty years. The State maintained that the forty-year sentence was appropriate given the generous gain time provisions governing offenses occurring in 1986. The trial court agreed.
However, because Allen committed his offenses in 1986, the trial court should have utilized the sentencing guidelines scoresheet then in effect, not a 1991 scoresheet. See Miller v. Florida, 482 U.S. 423, 107 S.Ct. 2446, 96 L.Ed.2d 351 (1987); Fennell v. State, 544 So.2d 1017, 1018 n. 1 (Fla.1989). By 1991, the sentencing guidelines allowed permitted ranges, which had not yet been instituted in 1986. Accordingly, Allen must be resentenced using a correct scoresheet.
Furthermore, the trial court imposed a sentence outside the statutory maximum. Attempted first-degree murder is a first-degree felony with a thirty-year maximum. See §§ 782.04(1)(a); 777.04(4)(a), 775.082(3)(b), Fla. Stat. (1985). Because Allen committed this offense prior to 1994, the trial court could not impose a guidelines sentence beyond the statutory maximum. See Mays v. State, 717 So.2d 515 (Fla.1998). The forty-year sentence imposed on Allen is fundamental error. See Bain v. State, 730 So.2d 296, 305 (Fla. 2d DCA 1999).
We reverse and remand for resentencing under the correct version of the sentencing guidelines.
PARKER, A.C.J., and CASANUEVA, J., Concur.