PER CURIAM.
Alfred William Walker appeals the trial court’s order summarily denying his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Walker raises four issues concerning his conviction and one issue concerning his sentence. We affirm the denial of relief as to Walker’s conviction without discussion. However, we remand for further proceedings on Walker’s sentence.
Walker contends that even though his offense occurred on October 14, 1994, the trial court used the 1995 sentencing guidelines when it sentenced him in September 1996. Walker argues that he is entitled to be resentenced because the supreme court recently declared the 1995 sentencing guidelines unconstitutional. See Heggs v. State, 759 So.2d 620, 627 (Fla.2000). The trial court denied Walker relief, noting that Walker’s offense did not occur within the applicable window period for challenging the constitutionality of the guidelines. See Trapp v. State, 760 So.2d 924, 928 (Fla.2000) (holding that only those defendants whose offenses occurred between October 1, 1995, and May 27, 1997, have standing to challenge the constitutionality of the sentencing guidelines addressed by Heggs). While we agree with the trial court that Walker is not entitled to relief under Heggs, we do not believe that this ends the inquiry.
If the trial court sentenced Walker under the 1995 sentencing guidelines, that was error because Walker’s offense occurred before the effective date of the 1995 sentencing guidelines. See § 921.001(4)(b)2., Fla.Stat. (1995) (stating that any revisions to the 1994 sentencing guidelines apply only to felonies committed on or after the effective date of the revisions); Miller v. Florida, 482 U.S. 423, 435-36, 107 S.Ct. 2446, 96 L.Ed.2d 351 (1987); Allen v. State, 771 So.2d 1245 (Fla. 2d DCA 2000). Thus, if Walker was sentenced under the 1995 guidelines, his sentence is improper regardless of Heggs.
Because the trial court found that Walker’s offense did not occur within the Heggs window, it did not attach any documents to its order addressing Walker’s sentence. Therefore, we remand this case to the trial court to determine whether Walker was in fact sentenced under the 1995 sentencing guidelines. If so, the trial court must re-sentence Walker in accordance with the valid guidelines in effect on the date of his offense. If not, the trial court should attach those portions of the record showing conclusively that Walker is not entitled to relief.
Affirmed in part; remanded for further proceedings.
PARKER, A.C.J., and ALTENBERND and WHATLEY, JJ., concur.