PER CURIAM.
Roger Williams, II, appeals the partial summary denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.800(a) seeking resentencing under Heggs v. State, 759 So.2d 620 (Fla.2000). We reverse.
In circuit court case number 96-16048, Williams was convicted of burglary of a structure and petit theft and placed on probation. In circuit court case number 98-8118, Williams was convicted on new offenses and was sentenced to community control and probation. He violated community control and was sentenced on June 16, 1999, to forty-three months in prison on the convictions in both cases, based on a single 1995 guidelines sentencing score-sheet.
The trial court correctly acknowledged that Williams is entitled to be resentenced under Heggs in case number 96-16048 but denied resentencing in case number 98-8118, because those offenses were committed outside of the Heggs window. However, when the court declined to resentence *41 Williams in case number 98-8118, the court did not take into account that the scoresheet used in sentencing Williams in 1999 included the petit theft and burglary-charges as additional offenses.
Under section 921.0014(3), Florida Statutes (1999), Williams should be resen-tenced in both cases because two different versions of the sentencing guidelines apply. See State v. White, 762 So.2d 927 (Fla. 2d DCA 2000). Section 921.0014(3) provides in part:
A single guidelines scoresheet shall be prepared for each defendant, except that if the defendant is before the court for sentencing for more than one felony and the felonies were committed under more than one version or revision of the guidelines, separate scoresheets must be prepared pursuant to s. 921.001(4)(b). The scoresheet or scoresheets must cover all the defendant’s offenses pending before the court for sentencing.
Consequently, although Williams is not entitled to Heggs relief in case number 98-8118, he must be resentenced in that case based on a corrected scoresheet according to the guidelines in effect at the time those offenses were committed. The corrected scoresheet should include the petite theft and burglary offenses as prior offenses, rather than as additional offenses.
Affirmed in part, reversed in part, and remanded.
GREEN, A.C.J., and DAVIS, J., and CAMPBELL, MONTEREY, (Senior) Judge, concur.