PER CURIAM.
Bennie R. Smarr appeals the trial court’s denial of his motion for correction of his sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Because Smarr is entitled to be resentenced under Heggs v. State, 759 So.2d 620 (Fla.2000), we reverse.
Smarr was convicted of two counts of sexual battery on a child under the age of sixteen while in a position of familial authority and one count of incest. He was sentenced under the 1995 guidelines. The trial court noted that one of the sexual batteries occurred after the constitutional infirmities in the guidelines were cured. See Trapp v. State, 760 So.2d 924 (Fla.2000). The trial court then found that under the 1994 guidelines, as applied to the other two counts, Smarr would have scored in a range between 82.35 months to 137.35 months. His score on the other count, under the valid 1995 guidelines, was 115.35 months to 192.25 months. The trial court reasoned that because two different scoresheets were used, Smarr could have received consecutive sentences, and his original twenty-two year sentence would fall within the range of the scoresheets. The trial court concluded that Smarr was not adversely affected by the unconstitutional 1995 scoresheet and denied relief.
While the finding of the trial court is logical, it is not in line with the directive of the supreme court in Heggs. Under the 1994 guidelines, Smarr’s sentence is a departure sentence. Consequently, he is adversely affected by the amendments found unconstitutional in Heggs and must be re-sentenced on one of the sexual battery convictions and on the incest conviction. See Heggs 759 So.2d at 627. Because section 921.0014(3), Florida Statutes (1997), requires separate scoresheets for offenses committed when different versions of the guidelines sentencing scoresheets are applicable, Smarr must be resentenced on all of his convictions pursuant to the guidelines applicable to each conviction. See State v. White, 762 So.2d 927 (Fla. 2d DCA 2000).
Reversed and remanded.
BLUE, A.C.J., and GREEN and STRINGER, JJ., concur.