PER CURIAM.
John F. Reed appeals the summary denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.800(a), in which Reed sought resentencing under Heggs v. State, 759 So.2d 620 (Fla.2000). Although the denial of Reed’s motion is correct, the trial court was incorrect in its reasoning. Accordingly, we affirm the denial of Reed’s motion.
*67 Reed claims that his sentences in two cases are illegal because they were calculated using the 1995 sentencing guidelines declared unconstitutional in Heggs even though these two offenses were committed in 1994. The trial judge denied his motion, stating that his primary offense at conviction was an offense committed on November 11, 1996, thereby making the 1995 guidelines applicable. The trial court did not address the fact that the 1995 guidelines were declared unconstitutional in Heggs and that Reed’s primary offense occurred during the time before the constitutional infirmities were cured. See Trapp v. State, 760 So.2d 924 (Fla.2000).
In addition, if some of Reed’s offenses occurred in 1994 and if he had been given a guideline sentence, he would be entitled to separate scoresheets. See State v. White, 762 So.2d 927 (Fla. 2d DCA 2000). Correspondingly, Reed would be entitled to be resentenced on the 1994 offenses pursuant to the 1994 sentencing guidelines. See Walker v. State, 776 So.2d 948 (Fla. 2d DCA 2000).
However, Reed is not entitled to relief because his sentence is the result of a negotiated plea through which Reed was sentenced to ten years in prison on a number of cases originating in three different counties. Because Reed’s sentence is the result of a negotiated plea, he may file a motion pursuant to rule 3.850, if appropriate. See Murphy v. State, 773 So.2d 1174 (Fla. 2d DCA 2000) (en banc).
Affirmed.
NORTHCUTT, A.C.J., and GREEN and CASANUEVA, JJ., concur.