PLEUS, J.
The state seeks certiorari review of a circuit court order granting certiorari relief and vacating a county court denial of Sehnert’s motion to dismiss a violation of probation charge. We grant the petition and quash the order below.
Sehnert was originally charged with DUI and reckless driving. Based on a plea agreement, he pled nolo contendere to reckless driving and was placed on six months probation on September 18, 2000. As part of his probation, Sehnert was ordered to report to a Victim Awareness Program within seven days and successfully complete the program within 75 days.
On January 10, 2001, Sehnert’s probation officer filed an affidavit of violation of probation (VOP) alleging that Sehnert failed to complete the Victim Awareness Program within 75 days. Sehnert moved to extend to probation. On February 19, 2001, the court extended the probationary period until September 17, 2001.
On July 20, 2001, a second VOP affidavit was filed alleging that Sehnert violated probation by driving under the influence on July 9, 2001. Relying on Whitehead v. State, 685 So.2d 894 (Fla. 5th DCA 1996), Sehnert ultimately moved to dismiss the VOP on the grounds that the initial imposition of six months probation on the charge of reckless driving exceeded the maximum 90 days probation for that offense.
On December 12, 2001, the county court denied the defendant’s motion to dismiss the VOP affidavit. No written order was entered on this motion. On January 2, 2002, Sehnert filed a petition for writ of prohibition in the circuit court asserting that the county court lacked jurisdiction to hear the VOP because the six months probationary period originally imposed was improper. The petition indicated that the prosecutor and the county judge were furnished copies of the petition by mail on January 9, 2002.
On February 28, 2002, the circuit court entered an order treating the petition for writ of prohibition as a petition for writ of certiorari and granting the petition. There is no indication that the state was ever ordered to show cause why the petition should not be filed or given an opportunity to respond.
The state seeks certiorari review of the circuit court order, arguing that (1) the state was not given an opportunity to respond or be heard on the petition;(2) the circuit court was without jurisdiction because the county court never entered a *1041 written order; and (3) the six month period of probation was proper.
The determinative issue in this petition is whether the circuit court could review the county court’s denial of the defendant’s motion to dismiss. The answer is no. The extraordinary remedy of certiorari is not available to review non-final orders which are reviewable on appeal. Specifically, an order denying a motion to dismiss does not qualify for certio-rari review. See Martin-Johnson, Inc. v. Savage, 509 So.2d 1097 (Fla.1987); see also Fieselman v. State, 566 So.2d 768 (Fla. 1990). Even if the circuit court had authority to entertain the petition, it should have denied it. A defendant who takes advantage of an illegal sentence until he violates probation is estopped from asserting the illegality of his original sentence. See Stroble v. State, 689 So.2d 1089 (Fla. 5th DCA), rev. denied, 697 So.2d 512 (Fla. 1997). Accordingly, the order granting certiorari relief is quashed.[1]
ORDER GRANTING CERTIORARI RELIEF QUASHED.
HARRIS and PALMER, JJ., concur.

. Having determined that certiorari review below was not appropriate, we need not address the state’s procedural and due process arguments.