828 So.2d 491 (2002)
Calvin WHITE, Appellant,
v.
STATE of Florida, Appellee.
No. 1D02-0210.
District Court of Appeal of Florida, First District.
October 23, 2002.
Appellant, pro se.
Robert A. Butterworth, Attorney General, and James W. Rogers, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
The appellant challenges the trial court's order summarily denying his rule 3.800 motion to correct an illegal sentence. Because the appellant's prior and current sentences are illegal for exceeding the statutory maximum for a youthful offender sentence, we reverse.
In 1987, the appellant pled to 22 felony counts in six cases and was sentenced to a probationary split sentence of six years of incarceration to be followed by five years of probation as a youthful offender. After completing the incarcerative portion of his sentence, the appellant was released onto probation and subsequently violated his probation. The appellant was then resentenced to five years of incarceration to be *492 followed by five years of probation and was not awarded credit for time served. The appellant challenges both of his sentences as illegal for exceeding the youthful offender statutory maximum.
Both the appellant's original sentence and his current sentence exceed the youthful offender statutory maximum. The statutory maximum for the appellant's original youthful offender sentence was six years, only four of which could be served under incarceration. See § 958.04(2)(a)(c)(d), Fla. Stat. (1987); Louissaint v. State, 727 So.2d 403 (Fla. 3d DCA 1999); Kelly v. State, 739 So.2d 1164 (Fla. 5th DCA 1999). The statutory maximum for the appellant's current sentence was a total of six years, all of which could be served as incarceration, with credit for time served. See § 958.14, Fla. Stat.; State v. Watts, 558 So.2d 994, 998 (Fla. 1990) (citing Watson v. State, 528 So.2d 101, 102 (Fla. 1st DCA 1988)); Haynes v. State, 545 So.2d 949, 949 (Fla. 1st DCA 1989). After crediting the appellant's current sentence with time served, the appellant's current sentence may be fully satisfied. See Swilley v. State, 781 So.2d 458, 460-61 (Fla. 2d DCA 2001); Boffo v. State, 543 So.2d 435, 436 (Fla. 2d DCA 1989).
Although acknowledging that the appellant was serving an illegal sentence, the trial court denied relief, reasoning that the appellant should be estopped from contesting the legality of his sentence after having enjoyed the benefits of that sentence. Where a defendant has taken advantage of an illegal sentence to obtain an immediate release from incarceration, such as through placement on probation, conditional release, or a suspended sentence, that defendant will be estopped from challenging his sentence when such release is revoked. See Dupree v. State, 708 So.2d 968, 968 (Fla. 1st DCA 1998); Huff v. State, 672 So.2d 634, 635 (Fla. 1st DCA 1996); Gaskins v. State, 607 So.2d 475, 476 (Fla. 1st DCA 1992) disapproved on other grounds by State v. Powell 703 So.2d 444, 446 n. 3 (Fla.1997); Bashlor v. State, 586 So.2d 488, 489 (Fla. 1st DCA 1991). However, when a defendant has already served an incarcerative or probationary term in excess of the statutory maximum, he has reaped no benefit from the illegal sentence and will not be estopped from challenging such sentence. See Gonzales v. State, 816 So.2d 720, 722 (Fla. 5th DCA 2002); Rucker v. State, 626 So.2d 276, 278 (Fla. 2d DCA 1993). Thus, the present appellant's situation is distinguishable from those in Dupree, Huff, Gaskins, and Bashlor, because the appellants in those cases were placed on immediate, albeit illegal, supervision, and enjoyed the benefit of being free from incarceration. In contrast, the present appellant, like the appellants in Gonzales and Rucker, reaped no benefit from his original illegal sentence because he served an incarcerative term in excess of the statutory maximum before being placed on a term of probation that further exceeded the statutory maximum. For this reason, estoppel does not bar the appellant's challenge. We therefore reverse the order summarily denying the appellant's motion to correct illegal sentence and remand for further proceedings.
The record before us does not reveal whether the appellant's original sentence was the product of a negotiated plea agreement with the state. When a sentence is illegal, and such a sentence was the product of a negotiated plea agreement, the state has the option of either agreeing to the appellant's resentencing, or withdrawing from the plea agreement and proceeding to trial on the original charges. Williams v. State, 650 So.2d 1054, 1055 (Fla. 1st DCA 1995). Since the appellant's remedy depends upon whether he was sentenced to a negotiated plea *493 agreement, on remand the trial court must make this determination.
REVERSED and REMANDED.
ALLEN, C.J., WOLF and PADOVANO, JJ., concur.