*1159
Corrected Opinion

PER CURIAM.
The trial court determined that Joseph Carmona violated a condition of his sex offender probation forbidding him from having any unsupervised, unauthorized contact with a child under the age of eighteen. As a result, his probation was revoked and he was resentenced to five concurrent 20 year terms on the underlying charges. Carmona now appeals the revocation of his probation and challenges the legality of the sentence.
On the revocation itself, we find that there was sufficient evidence to support the lower court’s finding that the violation was willful and substantial. We therefore affirm as to that issue. As to the sentences, however, we reverse the sentences prescribed for counts III (attempted capital sexual battery on a child under the age of twelve) and IV (indecent assault on a child under the age of sixteen) finding that each sentence imposed exceeded the statutory maximum.
We accept the State’s concession of error on Counts III and IV.
We reverse the sentence as to Count III and remand with instructions to recalculate the sentence according to the limitations imposed by the 1994 guidelines which were in effect at the time of the offense.
The offense alleged in Count IV occurred in 1997, yet he was sentenced under the 1995 guidelines. Although Florida courts have long held that a defendant must be sentenced under the guidelines in effect at the time of the crime,[1] because the 1997 amendments kept the 1995 sentencing point scheme essentially intact,[2] we find the trial court’s use of the 1995 guidelines harmless. We find the issue to have been properly preserved in the Motion to Correct Sentencing Error and reverse this sentence with instructions that he be re-sentenced as a second degree felony pursuant to section 794.011(8)(b), Fla. Stat. (1997).
GUNTHER, STONE, and FARMER, JJ., concur.

. State v. Miller, 512 So.2d 198, 198 (Fla.1987).

. See State v. White, 762 So.2d 927, 929 (Fla. 2d DCA 2000) ("While the 1995 amendments made substantial changes in the guidelines, the 1997 amendments did not. In fact, the only change of any significance in 1997 was the removal of the mitigating factor addressing addiction. The sentencing point scheme from the 1995 revision remained essentially intact. We do not believe the 1997 amendments constituted a ‘revision’ under section 921.0014(3).”).